William J. Began, S.
This is a motion for a protective order made following service of notice of taking deposition on written questions pursuant to CPLR 3109 (subd. [a]).
This section has been called self-executing (Gorie v. Gorie, 48 Misc 2d 411) because the parties, if they so desire, without court intervention may serve cross questions, redirect questions and recross questions within the prescribed time limits. Objections as to competency of a witness or as to admissibility of testimony are not waived “ unless the ground of the objection is one which might be obviated or removed if objection had been made at that time.” (CPLR 3115, subd. [d].) Objections as to the form of questions, however, must be made within the time limit for serving succeeding questions by .service of same in writing upon the party propounding the questions or else such objections are waived. (CPLR 3115, subd. [e].) The proper time to move for a protective order for settlement of the questions should be after all the series of questions have been served unless it is claimed that it is impossible to frame responsive questions until the objections have been passed upon. (Gorie v. Gorie, supra, p. 414.) In other words, if respondent’s objections were solely as to form he should serve written objections upon the propounding party and then proceed on with his own cross questions, if he so desires, before seeking court intervention via a protective order.
This is the trial phase of a discovery proceeding. The inquisitorial phase has long since been settled since the subject matter of the proceeding is conceded to be money paid as a result of decedent’s participation in the New York State Teachers’ Retirement System. Although this is still in pretrial disclosure stages and no formal court proceedings have yet been held, the apparent gravamen of the action involves the validity and/or effect of decedent’s designation of respondent as beneficiary under her aforesaid retirement program.
*49 Respondent claims he cannot frame responsive questions until petitioner makes a choice between fraud, mistake or contract as his basis for setting aside the beneficiary designation. On the other hand, petitioner argues that if the answers to his propounded questions fall within any of these areas then certainly such answers are relevant and material to the proceeding.
In order to expedite this matter the court will at this time pass upon the objections served by respondent. Although as previously stated objections as to form only are required to be served under CPLR 3115 (subd. [e]) the court should nevertheless also strike any clearly irrelevant questions objected to. (Gorie v. Gorie, supra, p. 415.)
Accordingly, objections as to questions 3, 4, 5, 10 and 17 are dismissed. Questions 6, 7, 9, 11, 12, 13, 15 and 16 are stricken. The words “ or her financial plans ” are stricken from question 8.
Since respondent was served with the questions more than 10 days ago his time to serve cross questions is extended to three days after service of a copy of the order to be entered herein with notice of entry. Thereafter the parties shall proceed pursuant to CPLR 3109 and other applicable CPLR provisions and as indicated herein.
Enter order promptly herein.