AVILA FABRICS, INC., Appellant, *v.* 152 WEST 36TH STREET CORPORATION, Respondent.

First Department, December 22, 1964.

4239

*Saul Goldstein* of counsel (*Max J. Gwertzman,* attorney), for appellant.

*Robert A. Dwyer* of counsel (*William H. Morris,* attorney), for respondent.

*Per Curiam.* Plaintiff appeals from an order, in a property damage action, directing the New York Board of Fire Underwriters to permit defendant to examine and receive a copy of a report the board obtained concerning a flood at the premises leased by defendant landlord to plaintiff tenant. The issue is whether a document in the exclusive possession of a nonparty may be discovered under CPLR 3120.

The order directing the board to permit such discovery should be reversed, with leave to defendant to apply for the taking of the board's deposition under CPLR 3101 (subd. [a], par. [4]) and 3107 to 3111.

Plaintiff tenant seeks recovery for harm done to its property by water entering the demised premises from a heating system and boiler owned and operated by defendant landlord. The board allegedly received a report on this incident.

Confusion has arisen whether the general direction found in CPLR 3101 (subd. [a], par. [4]) that there be a full disclosure by "any person" where the court on motion finds "adequate special circumstances" extends to the more particular provision for discovery and production of documents and things for inspection found in CPLR 3120. The latter section in terms limits such discovery to documents and things in the possession, custody or control of the "party" served. There are, by contrast, other statutory provisions applicable to "persons" inclusive of a nonparty (e.g., CPLR 3107–3111, 3121).

Prior to the advent of the CPLR there could be no discovery and inspection of a document in the possession of a nonparty (Civ. Prac. Act, §§ 324, 327, 328; *Lipsey* v. *940 St. Nicholas Ave. Corp.,* 12 A D 2d 414; *Golding* v. *Golding,* 7 A D 2d 1027, 1028; *Goldstein* v. *Kaye,* 2 A D 2d 889).

It is now urged that this rule was changed by the general direction in CPLR 3101 (subd. [a], par. [4]) and that such a change is consistent with the prevailing trend toward more liberal discovery procedures. One court has so held, but in doing so found it necessary to require a motion and court order despite the fact that CPLR 3120 is framed solely in terms of discovery by notice rather than by motion and order (*Williams* v. *Sterling Estates,* 41 Misc 2d 692, 693; cf. CPLR 3124, 3126). Another court, however, has stated that the prior rule was not changed by the CPLR (*Baron* v. *Giambino,* 19 A D 2d 896). A commentator appears to be in accord with this latter view, having read CPLR 3101 (subd. [a], par. [4]) as limited to "examination" of the nonparty, rather than to all types of disclosure (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3120.08, 3101.32).

The legislative history of CPLR 3120 shows no intention to change the pre-existing rule and extend discovery to nonparties (1st Preliminary Report of Advisory Comm. on Practice and Procedure, 1957, N. Y. Legis. Doc., 1957, No. 6[b], p. 151; 5th Preliminary Report, Legis. Doc., 1961, No. 15, p. 471; 6th Report, Legis. Doc., 1962, No. 8, p. 320). The First Advisory Committee Report (*supra*) notes that CPLR 3120 is indirectly based on rule 34 of the Federal Rules of Civil Procedure. The Federal rule is specifically limited to parties. The notion that CPLR 3120 can be made applicable to nonparties by construing it to require a court order is inconsistent with the changes expressly made by CPLR in adapting the Federal rule by dispensing with an order and permitting discovery on notice. Consequently, it would appear that the rule

forbidding discovery of documents of nonparties was not changed by the CPLR.

Defendant is not, however, left without means to obtain the information contained in the report. It may seek the deposition of the board by its appropriate officer or employee and may under CPLR 3111 require that the person to be examined produce the report at the examination, have it marked as an exhibit, and use it on the examination.

There is no showing in the record that this report was made in the regular course of the board's business and that it was the regular course of its business to make it, other than the conclusory assertion of defendant's attorney. However, the fact that the report may not be admissible at the trial as evidence in chief under CPLR 4518 (subd. [a]), or otherwise, does not necessarily render the report immune to discovery, production at an examination, or other disclosure.

Prior to the advent of the CPLR this court affirmed an order under section 324 of the Civil Practice Act directing defendants to produce for discovery and inspection a statement given by the infant plaintiff's mother, who was not a party (*Beyer* v. *Keller*, 11 A D 2d 426). Although CPLR 3101 (subd. [a]) requires generally the disclosure only of " evidence ", this term should not be interpreted in a restrictive sense (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.04; McKinney's Cons. Laws of N. Y., Book 7B, § 3101, Practice Commentary). If CPLR 3101 (subd. [a]) were construed to limit disclosure to admissible evidence, then the provision in CPLR 3101 (subd. [b]) that privileged matter shall not be obtainable would seem to be unnecessary. Such a construction therefore should not stand.

Even if the report is not admissible as evidence in chief it should be available at the examination of the person who made the report for the purpose of testing, and perhaps refreshing, his recollection. The report would appear to·contain information that is material and necessary to the defense of this action (CPLR 3101, subd. [a]), and which may lead to the disclosure of admissible evidence (cf. Fed. Rules Civ. Pro., rule 26, subd. [b]). The additional fact that the board destroys its reports one year after they are made constitutes " adequate special circumstances " justifying disclosure from a nonparty. Moreover, defendant may develop at the examination facts, perhaps not now available to it, showing that the report is admissible as a business record.

Accordingly, the order should be reversed, on the law, and the motion denied, with leave in the exercise of discretion to

defendant-respondent to apply for the taking of the board's deposition under CPLR 3101 (subd. [a], par. [4]) and 3107 to 3111, without costs to either party.

EAGER, J. (dissenting in part). I dissent from the view of the majority that, under CPLR, there may be no discovery and inspection of documents not in the possession or control of parties. CPLR 3101 broadly states that " There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by * * * (4) any person where the court on motion determines that there are adequate special circumstances." The " disclosure " may be obtained by the use of the " disclosure devices " provided for in CPLR 3102, including " discovery and inspection of documents or property ". These provisions for disclosure are to be liberally construed and applied. In fact, it is pointed out by reliable commentators that " [s]ince the limitation on discovery of records of non-parties may be avoided by examining records under CPLR 3111 at an examination, a more liberal approach is warranted wherever an examination of the witness would have been allowed." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.08.)

In my opinion, nothing specifically in CPLR warrants the continuance of the narrow rule under the Civil Practice Act which limited discovery and inspection to documents and things in the possession, custody or control of a party. CPLR 3120 does not so require in that it applies solely where discovery and inspection is sought merely by the service of a notice. It is true that there is no specific CPLR provision for discovery and inspection by service of a notice where, as here, the records are in the possession of a nonparty. This, however, would merely indicate that in such cases it was intended that the disclosure must be obtained by means of an order of the court. (See CPLR 3104.)

In light of the foregoing and for the reasons more fully developed in *Williams* v. *Sterling Estates* (41 Misc 2d 692, 693), and in the " Supplementary Practice Commentary " by Prof. David D. Siegel (McKinney's Cons. Laws of N. Y., Book 7B, Supp., pp. 30–31), I would hold that the court, in an action, may direct discovery of a document or property in the possession and sole control of a nonparty.

Here, the particular order directing the New York Board of Fire Underwriters to allow the defendant to inspect their records was rendered without notice to it. Concededly, however,

as the majority opinion points out, it does appear that there are " adequate special circumstances " justifying disclosure by this nonparty. Rather than remand for service of notice of motion upon the board, we may condition the " disclosure device " upon such terms as will afford proper protection to the board. (See CPLR 3103, subd. [a].) Under these circumstances, I would modify the order to direct that the records be produced on subpœna before the court at Special Term, Part II, New York County, and the said board may there interpose such objections, if any, as it may deem advisable. This would accord with the practice if the records were in fact subpœnaed for use in connection with an examination of a party before trial or upon a trial.

BREITEL, J. P., VALENTE, McNALLY and STEUER, JJ., concur in *Per Curiam* opinion; EAGER, J., dissents in part, in opinion.

Order, entered on October 5, 1964, reversed, on the law, without costs and without disbursements to either party, and the motion denied, with leave in the exercise of discretion to defendant-respondent to apply for the taking of the board's deposition under CPLR 3101 (subd. [a], par. [4]) and 3107 to 3111.