Abraham N. Geller, J.
Defendant has proceeded by an order to show cause for the issuance of a commission to take the deposition in California of plaintiff’s former husband with *413 respect to their understanding on separation and the validity of their alleged Mexican divorce, these being matters claimed to be involved in defendant’s defenses and counterclaims.
A variety of objections, both technical and substantial, have been asserted by plaintiff.
The question raised as to the pendency of defendant’s motion for summary judgment and plaintiff’s cross motion to strike a counterclaim is disposed of by the denial .of both motion and cross motion (N. Y. L. J., April 19, 1965, p. 15, col. 4).
The question raised as to the effect of defendant’s instant application on the Trial Calendar disposition setting the case down for trial on May 3, 1965 with leave to complete certain pretrial proceedings, must be left for determination to the Justice presiding in Special and Trial Term, Part I. It is obvious that the deposition here sought to be taken by defendant cannot be taken and returned by May 3, 1965 if the parties avail themselves of their right to serve cross questions, redirect questions and recross questions under CPLB 3109 (subd. [a]) and objections under CPLB 3115 (subd. [e]). This court does not pass upon, but leaves to the calendar Justice, the question as to whether defendant is entitled to an adjournment of the trial until the return of the deposition under all the circumstances of the procedure taken, its timeliness and the respective parties’ acts with relation thereto.
Since the parties dispute one another’s view of the CPLB provisions dealing with a deposition to be taken outside of the State, it is necessary to briefly review them. It is unfortunate that the applicable provisions appear in several different places, require interpretation as to certain matters, and fail to include any provision for settlement of the written questions (as formerly contained in Bules Civ. Prac., rule 126), the unexpressed intention, however, being that any objections could be made and passed upon before the deposition is taken and the questions thus settled on a motion for a protective order under the general provisions of CPLB 3103.
CPLB 3108 provides that a deposition may be taken on written questions “ when the testimony is to be taken without the state.” It will be noted that there is no requirement as such that the witness is to be a nonresident of the State. Similarly, CPLB 3101 (subd. [a], par. [3]) provides for disclosure by a person “without the state.” If the witness, as here, appears to be without the State for some protracted period which would presumably render him unavailable to the service of a subpoena within the State for the trial, his deposition may be taken without the State regardless of the question as to whether *414 he is a resident or domiciliary of this State. No showing has been made that this witness is presently a resident of this State and it does appear that he has a business address in California and is located there.
CPLR 3109 (subd. [a]) provides that a party desiring to take a deposition upon written question shall simply serve such questions together with a notice stating the name and address of the person to be examined and the name or descriptive title and address of the officer before whom it is to be taken. CPLR 3109 (subd. [b]) provides that a copy of that notice and of all written questions served by the parties shall be delivered by the party taking the deposition to the officer specified therein and that he shall proceed promptly to take the deposition. The officer must be a person authorized to administer oaths in that State (CPLR 3113, subd. [a], par. 2). It will be noted that there is no requirement that a commission issue and, if no written objections to questions have been served, the papers are forwarded to the officer without settlement or any order of the court. The notice procedure of CPLR 3109 is self-executing, the parties serving, if they desire, cross questions, redirect questions and recross questions within the time limits therein provided. It is evident that this procedure is both simple and timesaving, without involving the court in purely formal functions. If written objections to questions are served prior to the time allowed for serving succeeding questions (CPLR 3115, subd. [e]), the proper time to apply for a protective order for settlement of the questions should be after all the series of questions have been served, unless it is claimed that it is impossible to frame responsive questions until the objections have been passed upon.
CPLR 3108, however, provides that a commission “ may be issued where necessary or convenient ’ ’ so that the commission procedure is still permitted but, presumably, to be employed only where the notice procedure under the circumstances of the case or the place where the deposition is to be taken may be deemed impracticable or some doubt felt as to whether the deposition may be taken. This twofold aspect of a deposition upon written questions appears clearly from the provision in CPLR 3113 (subd. [a], last sentence) that “ Officers may be designated in notices or commissions either by name or descriptive title ”,
The question raised as to the failure to set forth the time of the taking of the deposition is taken care of by the officer who, upon receipt of the papers, will arrange for the time and *415 place and for notification to the parties who may, if they wish, attend through representatives to observe compliance with all requirements.
In order to expedite this matter, the court will at this time pass upon the objections served by plaintiff. The only objections required to be served under CPLR 3115 (subd. [e]) are as to form, but the court should also strike any clearly irrelevant question objected to. Competency and inadmissibility are reserved for ruling upon the trial (CPLR 3115).
Questions 5, 7, 8, 9, 14, 15, 16, 22, 23, 24, 25, 29, 30, 31, 32, 60, 61, 62 are stricken. Since plaintiff was served with the questions more than 10 days ago, her time to serve cross questions is extended to 3 days after service of a copy of this order with notice of entry. The parties are to proceed thereafter as provided in CPLR 3109 and the other applicable CPLR provisions and as indicated herein.