█ NORMAN SPECTOR, Respondent, v. ANTENNA AND RADOME RESEARCH ASSOCIATES CORP., Appellant.— In an action *inter alia* to recover damages for breach of an employment contract, defendant appeals from an order of the Supreme Court, Nassau County, entered September 21, 1965, which denied its motion for a protective order (CPLR 3103). Order reversed, with $10 costs and disbursements; motion granted; and plaintiff's notice to examine Sheldon A. Langer vacated, without costs. Plaintiff, seeking to examine an independent accountant retained by defendant, served a notice to take the accountant's deposition on defendant's counsel. He did not, however, serve a subpœna on the accountant. At Special Term, as well as on appeal, plaintiff argued in opposition to defendant's motion that the accountant was either an agent or a nonparty witness whose examination was required by special circumstances. No affidavit was submitted by the accountant. Whether the accountant is defendant's agent or a nonparty witness, service of a subpœna upon him was necessary (CPLR 3106, subd. [b]). By such service an agent or nonparty witness is given an opportunity to avail himself of his right to move for a protective order (CPLR 3103). Plaintiff's contention that service of a subpœna could be made after the entry of Special Term's order directing the

accountant's examination would lead to waste of judicial effort, since the accountant might then move for a protective order. Thus, what might have been determined in one sitting will have required two determinations with at least part, if not all, of the previous motion papers subject to an unnecessary review. Such a result is directly contrary to the primary purpose of article 31 of the CPLR, which envisages a maximum disclosure of facts with a minimum of judicial supervision (see 1957 Report of Temporary Commission on the Courts, N. Y. Legis. Doc., 1957, No. 6 [b], p. 122). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.