FREDERICK FROMMER, Also Known as BEDRICK FROMMER, Appellant, *v.* IRVING A. GARSON, as Executor of ADOLPH FROMER, Deceased, Respondent.

Second Department, May 18, 1970.

*Herbert W. Philip* for appellant.

*Granik, Garson, Silverman & Nowicki* (*David W. Silverman* of counsel), for respondent.

LATHAM, J.   The propriety of certain interrogatories propounded to the plaintiff is in issue on this appeal.   His main contention is bottomed on the premise that matters and material which are appropriate for a bill of particulars may not be required to be furnished in the form of answers to written interrogatories.   The defendant has not served a demand for a bill

of particulars but has chosen to rely upon written interrogatories. The action is to recover the balance owing upon loans of money allegedly made to the defendant's testator. The defendant has counterclaimed for an accounting upon alleged joint ventures in which the testator and the plaintiff, who were brothers, participated.

In my opinion, the plaintiff has misconstrued this medium of discovery. CPLR 3101 clearly provides "there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by", *inter alia*, a party as well as a "person about to depart from the state, or without the state, or residing at a greater distance from the place of trial than one hundred miles" (subd. [a], pars. [1], [3]). The plaintiff, a resident of Spain, fits both of these descriptions. The CPLR also provides that a party may not serve written interrogatories on another party and also demand a bill of particulars pursuant to CPLR 3041 without leave of court. This serves as the springboard for the plaintiff's basic objection to these queries. Professor David D. Siegel points out (Practice Commentaries [for CPLR 3130] in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101–3200, p. 672):

"a litigant, in a case where the interrogatory is otherwise available for use, must choose between it and the bill of particulars. He cannot have both unless the court so directs.

"This also involves some history. The Advisory Committee planned to do away with the bill of particulars. The legislature kept it on. See CPLR 3041–3044. This aim of the Advisory Committee was a coordinate of its other aim, to adopt the interrogatory device and give it broad scope. The interrogatory performs much of the mission of the bill of particulars and with the advent of the interrogatory in New York Practice the decline of the bill of particulars was in order. The legislature adopted the interrogatory only grudgingly, retaining the bill as well, and the provision requiring a litigant to choose between the two appears to be a kind of compromise."

The plaintiff's construction would effectively do away with the device of the interrogatory since it is difficult to imagine what information could properly be the subject of an interrogatory which would not also be proper for a bill of particulars.

Furthermore, the CPLR makes no distinction between disclosure devices as to priority (Practice Commentaries [for CPLR 3101; by Professor Siegel], *id.*, p. 8 [C3101:2]). "What is disclosable is governed by CPLR 3101. Regardless of the

device used to secure the datum or thing, the basic question of whether it is subject to disclosure is governed by CPLR 3101 and not by the particular provision whose mechanical device the practitioner wants to make use of '' (*id.*, p. 9 [C3101:3]).

Accordingly, since all but one of the challenged interrogatories relate to the discovery of evidence which is '' material and necessary '' (CPLR 3101, subd. [a]) in the prosecution or defense of the action, the plaintiff was properly required to respond.

However, I agree that interrogatory numbered '' 2 '' requiring the plaintiff to state the '' relationship '' between himself and his deceased brother, the defendant's testator, is vague and unanswerable; and accordingly it should be stricken.

In addition, I agree that it was an improvident exercise of discretion to require the plaintiff, who resides in Spain, to serve his answers within five days after notice of entry of the order. That requirement should therefore be stricken and the plaintiff should be allowed to serve his answers within 15 days after service of a copy of the order hereon with notice of entry thereof. The plaintiff's other contentions are without merit.

The order should be modified, on the law, by inserting therein, after the words that the plaintiff's motion is '' granted to the extent that '', the following: '' interrogatory number ' 2 ' is stricken and ''; and, as so modified, the order should be affirmed, with $20 costs and disbursements to the defendant. The plaintiff shall serve his answers to the interrogatories within 15 days after service of a copy of the order hereon with notice of entry thereof.

CHRIST, P. J., HOPKINS, MUNDER and BENJAMIN, JJ., concur.

Order modified, on the law, by inserting therein, after the words that the plaintiff's motion is '' granted to the extent that '', the following: '' interrogatory numbered ' 2 ' is stricken and ''. As so modified, order affirmed, with $20 costs and disbursements to defendant. Plaintiff shall serve his answers to the interrogatories within 15 days after service of a copy of the order hereon with notice of entry thereof.