■ WILLIAM R. COOMBS et al., Respondents, v. ROBERT E. ROWAND, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on November 18, 1969, reversed, on the law, and the motion denied. Appellant shall recover of respondents $30 costs and disbursements of this appeal. The order precludes the defendant from offering the testimony of his wife unless she is produced for examination before trial as a witness in accord with the terms of the order. · The wife has not been served with process and is not a party to the action. A prior order allowed her examination as a witness, impliedly finding special circumstances. The wife is a resident of Pennsylvania and was served with a subpoena there. Such service is without effect (Siemens & Halske v. Gres, 37 A D 2d 768). The order therefore puts a burden on defendant of producing a witness whom plaintiff has not subpoenaed. A quite different situation would be presented if plaintiff sought to examine defendant as a party through his wife as his agent who had knowledge of the facts. Concur — Stevens, P. J., Murphy and Steuer, JJ.; Kupferman and Capozzoli, JJ., dissent in the following memorandum by Capozzoli, J.: Plaintiffs were seriously injured in 1962 in an accident involving an automobile owned by

defendant-appellant, and driven by his wife, Frances. Appellant was not present at the accident and, obviously, his wife's version of the facts is crucial in this case, since it is upon her alleged negligence that this action is based. He was served in New York, but she was not and they both now live in Pennsylvania. Orders of Special Term, dating back to December 13, 1967, have directed that Frances appear for pretrial examination, as a witness, and, in fact, the very order appealed from is not of recent vintage, having been entered on November 18, 1969. The majority acknowledges that a "different situation would be presented if plaintiff sought to examine defendant as a party through his wife as his agent who had knowledge of the facts". In view of the failure of the defendant to have appealed from the original orders which allowed an examination of his wife as a witness, and many months having gone by, it is an improvident exercise of discretion for this court to reverse the order below and, in effect, contribute to more delay in the disposition of this case. I am of the opinion that, in the interests of justice, we should be realistic and treat the motion as one to examine an agent of a party. (CPLR 3101 subd. [a] par. [1].) All the facts are before us and we have the same power as Special Term to fashion the remedy called for by these facts. (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5704.03.) Justice will be better served and valuable time conserved if we would modify the order appealed from to provide that the defendant be precluded from having his wife testify at the trial unless she submits to a pretrial examination, at her convenience, at least 10 days before trial. If it is his decision not to use his wife as a witness at the trial then no harm is done if the modified order is disregarded. I vote accordingly.