■ JOSEPH PETERSON et al., Respondents, v. SPARTAN INDUSTRIES, INC., et al., Defendants, and GUARD ALL CHEMICAL COMPANY, INC., et al., Appellants.— Orders entered in the Supreme Court, New York County on December 29, 1970 modified on the law so as to quash the subpoenas served upon Seymour Wattenberg and otherwise affirmed, without costs and without disbursements. It is conceded that Wattenberg, a nonresident, was served in Connecticut and was never found in New York. The court's power to issue a subpoena is governed by section 2-b of the Judiciary Law which requires that the party served be " found in the state ". Thus this out-of-State service of the subpoenas on

a nonresident was unauthorized and void. (See *Siemens & Halske, GmbH*. v. *Gres*, 37 A D 2d 768.) Special Term's denial of defendant's motion for a protective order vacating the notice for discovery and inspection was proper. CPLR 3211 (subd. [d]) permits discovery proceedings to enable a party to sustain or oppose the defense of lack of jurisdiction. Weinstein-Korn-Miller in paragraph 3211.52 states that under the present practice CPLR 3211 (subd. [d]) is generally used in cases where the facts are exclusively within the control of the moving party. Here, Special Term ordered a hearing before a Special Referee on the jurisdictional issue. At that hearing plaintiffs produced New York Fire Department records indicating that appellant Guard All was holding out to the public that the fire department had given its approval for the storage and use of the product which caused plaintiff's injuries when, in fact, no such approval had been forthcoming. Plaintiffs should be permitted to prove their allegations that the activities of Guard All regarding business transactions in New York are sufficient to confer jurisdiction under CPLR 302 (subd. [a], par. 1 and subd. [a], par. 3). Defendant has applied for several permits and has received permission to sell and store some of its products in New York. Plaintiffs should be given a further opportunity to prove other contacts and activities in New York by the defendant. (See *Potter Real Estate Co.* v. *O & S Bearing & Mfg. Co.* (32 A D 2d 883) wherein the Appellate Division, Fourth Department, reversed a lower court order dismissing the complaint for lack of jurisdiction stating that the motion to dismiss should not have been considered until the plaintiff was permitted disclosure pursuant to CPLR 3211 (subd. [d]). Concur — Nunez, Kupferman and Tilzer, JJ.; Markewich, J. P., and Murphy, J., dissent in part in the following memorandum by Murphy, J.: Although we agree with the majority that the subpoenas served on the individual appellant should be quashed, we would go further and also reverse that portion of the order appealed which denied Guard All Chemical Company, Inc.'s (" Guard All ") motion for a protective order. In this action to recover damages for personal injuries and loss of services, plaintiffs have sued seven defendants allegedly involved in the manufacture, assembly and sale of a garden torch which burned plaintiff Joseph Peterson. Guard All, who manufactured the fuel for the torch, is a Connecticut corporation, and was served in said State. Contending that it does not transact business here, it moved prior to pleading for an order dismissing the complaint for lack of jurisdiction. Plaintiffs cross-moved for discovery under CPLR 3211 (subd. [d]). Special Term directed a hearing before a Special Referee on the issue of jurisdiction without any reference to the cross motion; and held the motion to dismiss in abeyance pending receipt of the Referee's report. Thereafter, while the matter was still before the Referee, and prior to the determination of such motion, plaintiffs served a discovery and inspection notice. Guard All's motion for a protective order was then denied by a different Judge on the ground that by moving to dismiss the complaint for lack of jurisdiction it had submitted itself to the jurisdiction of the court on at least that limited issue. Under the circumstances of this case, we do not agree. As above noted, Guard All is a Connecticut corporation. Plaintiffs do not dispute Guard All's averments that it is not authorized to do business in this State, has no place of business in New York, and no employees, sales agents or representatives here. Additionally, it is not contested that Guard All has made no sales to anyone in New York since at least two years before the accident in issue. All that' plaintiffs can point to, by way of local activity, is the fact that Guard All had applied for and obtained New York City Fire Department permission for the sale and storage of certain of its flammable mixture prod-

ucts in New York City. It is unclear from the record whether plaintiffs are predicating their claim of jurisdiction on CPLR 302 (subd. [a], par. 1) or CPLR 302 (subd. [a], par. 3), or both. If reliance is placed on CPLR 302 (subd. [a], par. 1), then the activities above referred to would be insufficient to sustain jurisdiction. Since a nonresident who only sells and sends goods into the State is not considered doing business here (*Kramer* v. *Vogl*, 17 N Y 2d 27; *Standard Wine & Liq. Co.* v. *Bombay Spirits Co.*, 20 N Y 2d 13), then the mere obtaining, by such nonresident, of a fire department permit, in compliance with the Administrative Code of the City of New York (§ C 19–58.0), as a precaution in the event certain inflammable mixtures are transported through or sold within this State cannot, of itself, sustain jurisdiction by our courts. Moreover, it is not sufficient merely to show that Guard All does business here. Before CPLR 302 (subd. [a], par. 1) becomes applicable, plaintiffs must also show that the cause of action arose out of defendant's activities within New York State. (See, generally, 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.05a.) Certainly plaintiffs' causes of action could not have resulted from Guard All's applications for fire department permits several years prior to the accident here involved. On the other hand, if jurisdiction is to be found under CPLR 302 (subd. [a], par. 3), then plaintiffs must establish that Guard All committed a tortious act without the State causing injury here and either (a) that it has a substantial and continuing contact with this State or (b) that it should reasonably expect forum consequences to result from such tortious act and also derives substantial revenue from interstate or international commerce. As noted, the first element necessary to establish a basis for jurisdiction under CPLR 302 (subd. [a], par. 3) is the commission of a tortious act without this State. Examination of the complaint herein discloses that Guard All's alleged acts of negligence are asserted in the barest and most conclusory form. For example: "23. Defendants, Spartan, Korvette and Guard All, were negligent in that the fuel was defectively and dangerously manufactured and/or designed, unsafe and/or unfit for the purpose intended and/or used, had not been properly inspected and/or tested, did not have proper instructions and/or warning in connection with same, in failing to give proper instruction and/or warning for and in the use of or proper notice of dangers inherent or potential and/or foreseeable in the use of said fuel." Since Guard All manufactured a fuel which was intended to, and did, ignite, plaintiffs in this case should be required to show more that its bald assertions of wrongdoing before even our disclosure devices are made available to them. In short, some prima facie showing of jurisdiction should be required before a nonresident defendant should be subjected to a detailed hearing. Plaintiffs rely on *Potter Real Estate Co.* v. *O & S Bearing & Mfg. Co.* (32 A D 2d 883) as supporting their position. The underlying facts in that case are not shown in the court's brief memorandum decision and the asserted basis for jurisdiction is not disclosed. However, it does appear that the action was one for the recovery of a commission; and the tendency is to expand jurisdiction in commercial cases, while the contrary seems to be true in tort cases. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.06a.) In any event, we do not quarrel with the general proposition that under proper circumstances a party may have disclosure in order to ascertain facts essential to justify opposition to a motion to dismiss for lack of in personam jurisdiction. All we say is that some threshold jurisdiction must first be shown. As the Court of Appeals expressly cautioned in *McKee Elec. Co.* v. *Rauland-Borg Corp.* (20 N Y 2d 377, 383) : " In our enthusiasm to implement the reach of the long-arm statute ( CPLR 302), we should not forget that defendants, as a rule, should

be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial general business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." In light of the foregoing, we would reverse the order appealed from in its entirety and grant the motions to quash and for a protective order.