SELICE WESTMORELAND, an Infant, by Her Mother and Natural Guardian, HELEN WESTMORELAND, et al., Appellants, v. WILGO REALTY CORP., Respondent, et al, Defendants.— In a negligence action to recover damages for

personal injuries sustained by the infant plaintiff and for medical expenses, etc., of her coplaintiff mother, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered March 9, 1973, in favor of defendant Wilgo Realty Corp., upon the trial court's dismissal of the complaint at the end of the entire case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. This action was first tried in the Civil Court of the City of New York, New York County, where plaintiffs adduced proof that the infant plaintiff had fallen into an open basement-excavation area due to missing bars on a ramp which ran from respondent's premises to the public sidewalk. At the end of plaintiffs' case, the complaint was dismissed solely on the ground that the infant plaintiff had been a trespasser. The ensuing judgment was reversed by the Appellate Term, First Judicial Department (*Westmoreland* v. *Wilgo Realty Corp.*, N. Y. L. J., Dec. 15, 1970. p. 2, cols. 4-6), and a new trial was ordered. The Appellate Term, citing *Patterson* v. *Proctor Paint & Varnish Co.* (21 N Y 2d 447), held (cols. 5-6) : " Evidence of the alleged dangerous condition, its close prox-imity to the sidewalk, its duration and the presence and activity of children in that area is present in the record. Hence, the questions of defendant's negligence and plaintiff's contributory negligence were questions of fact for the jury to determine." Thereafter, plaintiffs successfully moved to increase the *ad damnum* and to remove the action to the Supreme Court, Kings County. During the first retrial in that court a mistrial was granted upon respondent's counsel's application. The latter argued that testimony concerning the defec-tive ramp elicited from plaintiffs' witness was outside the pleadings since the bill of particulars only mentioned a " defective fence * * * in front of the premises " and not a ramp. The Trial Justice granted plaintiffs an adjourn-ment for the purpose of their making an application in Special Term to amend their bill of particulars to include a reference to a defective ramp, and fixed the return of the case to the Trial Calendar for a date two weeks after deter-mination of such motion to amend. Due to some confusion as to the identity of respondent's attorney of record, such motion never came to fruition and the matter appeared on the Trial Term Calendar a few days after the mistrial. The second trial in the Supreme Court, Kings County, the one now under review, was held before a different Justice. Respondent's counsel again objected to any reference to a ramp because it was not mentioned in the plead-ings, and further noted that there had been no compliance with the prior direc-tion regarding a motion to amend. Plaintiffs then moved to amend their pleadings, but the Trial Justice denied the motion. Plaintiffs' counsel unsuccess-fully argued that respondent could not be prejudiced in any way and that, therefore, under the principle of liberality of pleadings (CPLR 3026), the motion could be granted. The Trial Justice, indicating that he felt bound by the prior directive to plaintiffs to move to amend at Special Term, nevertheless allowed the infant plaintiff to proceed with her proof that the accident had occurred on an iron ramp over a basement area, instead of on the sidewalk in front of the building, subject, however, to respondent's right to later move to strike out such proof on the ground that it did not fall within the scope of the infant plaintiff's bill of particulars. During the ensuing trial, plaintiffs adduced virtually the same proof regarding the defective ramp as had been adduced at the Civil Court trial. At the conclusion of the entire case, the trial court denied plaintiffs' motion to conform the pleadings to the proof pur-suant to CPLR 3025, granted respondent's motion to strike all testimony con-cerning the ramp, and dismissed the complaint. It held that the initial directive to plaintiffs to move to amend constituted a determination by a Justice of

co-ordinate jurisdiction, to which it was bound, and that plaintiffs' proof differed from their pleadings. In our opinion, the Trial Justice erred in striking the testimony regarding the ramp and dismissing the complaint. It has been long held that while leave to amend pleadings, including a bill of particulars, and to conform pleadings to proof under CPLR 3025 (subds. [b], [c]) lies within the discretion of the court, such relief is granted almost as a matter of course where the opposing party does not plead surprise or prejudice (6 Carmody-Wait 2d ,New York Practice, § 34:22; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3025.17, 3025.19; *Galarza* v. *Alcoa S. S. Co.*, 41 A D 2d 923). Under the facts at·bar, respondent could not have been surprised or prejudiced by the testimony concerning a ramp with missing bars. While the language of plaintiffs' bill of particulars was vague — the bill speaks of a "defective fence * * * in front of the premises" and, indeed, there was a fence on the sidewalk in front of respondent's premises — the testimony adduced at the prior Civil Court trial, both on direct examination and cross-examination of plaintiffs' witnesses, clearly indicated that the infant plaintiff had fallen due to missing bars on a ramp which immediately abutted the sidewalk. Indeed, respondent's counsel referred to a portion of that testimony in his cross-examination of the infant's mother. During·the Civil Court trial, the only ground advanced by respondent's counsel to dismiss the complaint was that plaintiffs had failed to establish actionable negligence on respondent's part. Respondent's counsel at that time did not claim prejudice or surprise as to the location of the ramp; nor did he assert that proof of the ramp's existence and condition was not within the pleadings. Nor, in our opinion, can the dismissal of the complaint be based on a prior directive to plaintiffs from a different Trial Justice to move to amend their pleadings at Special Term. That directive was merely advisory. While it impliedly indicated that the proof offered by plaintiffs regarding a ramp varied from the language of the bill of particulars, no order was ever entered by that Justice either directing plaintiffs to proceed in Special Term or deciding any motion to amend the pleadings on the merits. We are also of the opinion that, under the proof adduced by plaintiffs, there were questions of fact for the jury's determination, as to respondent's negligence and plaintiffs' contributory negligence (*Patterson* v. *Proctor Paint & Varnish Co.*, 21 N Y 2d 447, *supra*; *Westmoreland* v. *Wilgo Realty Corp.*, N. Y. L. J., Dec. 15, 1970, *supra*). Finally, the trial court erred in permitting the police officer, who had come upon the scene after the accident, to testify from that portion of his accident report which set forth his opinion as to the cause of the accident (*Neill* v. *Jodum Cab Corp.*, 38 A D 2d 562; *Albert* v. *Stumpf*, 30 A D 2d 686). Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.