Avram Wiseman, Respondent, v American Motors Sales Corp., Appellant.

Second Department, August 27, 1984

### APPEARANCES OF COUNSEL

*Herzfeld & Rubin, P. C.* (*Herbert Rubin, Jeffrey L. Chase* and *David B. Hamm* of counsel), for appellant.

*Joachim, Flanzig & Weissman* and *William Beasley, Jr.* (*Jeffrey S. Lisabeth* of counsel), for respondent.

### OPINION OF THE COURT

Rubin, J.

Plaintiff commenced this products liability action against American Motors Sales Corp. to recover damages for personal injuries allegedly sustained as a result of an accident involving a Jeep CJV, which defendant purportedly sold. Plaintiff claims that the jeep was defectively

designed or negligently manufactured with respect to vehicular stability. According to the amended complaint, plaintiff was operating a Jeep CJV on Route KK in Camden County, Missouri, at approximately 1:00 A.M. on the morning of June 24, 1979. While driving at a normal rate of speed for the existing road and traffic conditions, the jeep "rolled over" when plaintiff made a right-hand turn.

During the course of its investigation, defendant obtained a copy of the accident report prepared by the deputy sheriff who responded to the scene of plaintiff's accident. In the report, the author had checked two boxes adjacent to a list of potential factors that contributed to the accident. Among the factors checked were "Speed-Too Fast For Cond." and "Drinking". Under the heading "Driver Had Been Drinking," box number 2 labeled "Ability Impaired" had also been checked. The report also includes a detailed diagram showing the vehicle's position at each stage of the accident sequence. The diagram demonstrates that the driver of the vehicle was not required to make a right turn, because the accident occurred in a left-hand curve. According to a statement by the reporting officer, the "accident apparently occurred when vehicle #1 [the jeep], going south on Rt KK failed to negotiate a curve .3 miles north of highway 54. Driver of Vehicle #1 apparently ran off the road, overcorrected and rolled the vehicle 2 times, coming to rest in the northbound lane of traffic on Rt KK".

The author of the accident report, Deputy Sheriff J. K. Mason, resides in Jefferson City, Missouri. Since the accident report presented a version of the accident which contradicted plaintiff's portrayal and its author was not a resident of this State, defendant moved, pursuant to CPLR 3108, for a commission to take the deposition of Mason in Missouri.

Defendant's motion was denied for procedural and substantive reasons. Special Term was of the opinion that defendant used an improper procedure for seeking the deposition of a nonparty witness. Instead of moving for a court order, Special Term indicated that defendant should have proceeded by serving a subpoena on Deputy Sheriff Mason and a notice to take Mason's deposition on plaintiff's counsel. Further, Special Term determined that de-

fendant failed to show adequate special circumstances to warrant discovery of a nonparty witness, under CPLR 3101 (subd [a], par [4]). Because Mason was not an eyewitness to the accident, Special Term noted that his accident report would be inadmissible as proof of the cause of the accident. By drawing an analogy to the inadmissibility of his accident report, Special Term apparently concluded that Mason's deposition would similarly be inadmissible and, therefore, no special circumstances existed for an examination before trial of this nonparty witness.

We are of the opinion that defendant's motion should have been granted and that further clarification of the procedures to be utilized in obtaining the deposition of an out-of-State, nonparty witness and of the scope of disclosure under CPLR 3101 is warranted.

CPLR article 31 envisages a maximum disclosure of facts with a minimum of judicial supervision (see 1957 Report of Temporary Commission on Courts, NY Legis Doc, 1957, No. 6[b], p 122; *Spector v Antenna & Radome Research Assoc. Corp.,* 25 AD2d 569).

To ascertain what is discoverable, and by whom, one should look to CPLR 3101, which is a statute of description rather than implementation. That section sets forth in general terms what may and may not be the subject of disclosure (see *Bush Homes v Franklin Nat. Bank,* 61 Misc 2d 495; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.01; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:1, p 7; C3101:3, p 9). The remainder of article 31 is devoted largely to supplying the various procedural devices that may be employed to seek disclosable matter (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:1, p 7).

The rules of procedure begin with CPLR 3102 (*Ball v County of Monroe,* 99 Misc 2d 97; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.01). CPLR 3102 (subd [a]) lists the devices available under article 31 for obtaining disclosure. Included in this list are: depositions on oral questions (see CPLR 3107); depositions on written questions (CPLR 3108, 3109); interrogatories (CPLR 3130-3134); demand for address (CPLR 3118); discovery and

production of documents and of tangible property (CPLR 3120); physical, mental or blood examination (CPLR 3121); and, notices to admit (CPLR 3123). There are two other devices supplied by article 31 for disclosure which are not listed in CPLR 3102 (subd [a]). These are the commission, generally used to secure disclosure from someone outside the State, and the letter rogatory, another device used for extrastate disclosure, usually in a foreign country. Both are briefly mentioned in CPLR 3108. "The details of their procedure are not set forth by statute and therefore find their few guidelines in case law and in the court's discretion." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:1, p 261; C3108:5, p 379; C3108:6, p 380.)

In keeping with the purpose of article 31 to maintain, to the extent practicable, maximum control and supervision of the litigation by the parties rather than the court, CPLR 3102 (subd [b]) declares the "normal method" of seeking disclosure to be "by stipulation or on notice without leave of the court", unless otherwise provided by the CPLR or by the court. The CPLR requires a party to first obtain an order of the court only in specified circumstances (see CPLR 408 [disclosure in special proceedings]; 3102, subd [c] [before action commenced]; 3102, subd [d] [after trial commenced]; 3102, subd [f] [action to which State is a party]; 3106, subd [c] [deposition of prisoners]; 3120, subd [b] [discovery and production of documents as against nonparty]; 3130 [use of interrogatories]). Thus, CPLR 3102 (subd [b]) makes every discovery device referred to in subdivision (a) obtainable in the first instance, on notice without application to the court. If that is unavailing, the aggrieved party may move for relief by an order (3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.05).

Construing this provision, courts have held that, whenever possible and except where expressly interdicted, the general procedure to be employed when a nonparty witness is sought to be deposed on oral questions is to secure a stipulation or, in the alternative, to serve a subpoena on the nonparty witness, pursuant to CPLR 3106 (subd [b]), and to serve notice of the intended examination on each party to the action, pursuant to CPLR 3107 (see *McNulty v*

*McNulty,* 81 AD2d 581; *Spector v Antenna & Radome Research Assoc. Corp.,* 25 AD2d 569, *supra; Bush Homes v Franklin Nat. Bank,* 61 Misc 2d 495, *supra;* see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:2, p 262; C3101:23, p 27; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.33; 7 Carmody-Wait 2d, NY Prac, § 42:87, p 148). It should be emphasized that when a deposition is sought to be taken, on notice, of a person who at the time of taking the deposition is not a party or an officer, director, member or employee of a party, service of a subpoena on such a witness located within this State is a necessary prerequisite (CPLR 3106, subd [b]; *Spector v Antenna & Radome Research Assoc. Corp., supra*). Thereafter, either the nonparty witness or adversary may apply for a protective order, or the witness may move to quash the subpoena, if he chooses to resist the examination (CPLR 3103, subd [a]), at which time the party seeking the examination has the burden of satisfying either paragraph (3) or (4) of CPLR 3101 (subd [a]) (see *Kenford Co. v County of Erie,* 41 AD2d 586).

Where a party seeking to depose a witness makes no effort to secure a stipulation or to proceed by notice, but instead moves initially for an order to disclose, the motion may be denied as unnecessary and procedurally improper (see *Spector v Antenna & Radome Research Assoc. Corp., supra; Schreter v Brumer,* NYLJ, Oct. 16, 1963, p 18, col 7 [Supreme Ct, Queens County, Herz, J.]), unless there is some indication in the record that proceeding by the "normal method" would prove impracticable.

The efficacy of proceeding by notice to obtain the deposition on oral questions of a nonparty witness who is outside this State is dependent solely upon the cooperativeness of the witness and the availability of out-of-State sanctions, pursuant to a provision similar to CPLR 3102 (subd [e]), which provides the disclosure procedure to compel the appearance and testimony of a witness in this State in an action pending in another jurisdiction. The reason is that service of a subpoena on a nonparty witness outside this State is void because no authorization for such service exists (see Judiciary Law, § 2-b; *Peterson v Spartan Inds.,*

40 AD2d 807; *Coombs v Rowand,* 39 AD2d 532; *Siemens & Halske, GmbH. v Gres,* 37 AD2d 768; *Israel Discount Bank v P. S. Prods. Corp.,* 65 Misc 2d 1002, 1004; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2303:7, p 211). Since the service of a subpoena outside of this State will be ineffective to compel such a witness to appear at an examination, CPLR 3108 makes available, upon application to the court, the commission and the letter rogatory as devices to secure disclosure. In addition to providing for commissions and letters rogatory as discovery devices, CPLR 3108 also allows for deposition upon written questions which are served on an out-of-State witness without a court order, pursuant to the self-executing procedures set forth in CPLR 3109.

It is noteworthy that the disclosure devices set forth in CPLR 3108 are available to a party seeking disclosure from a witness who is outside the State, regardless of the fact said witness may have a residence or domicile in New York. As long as the witness is without the State, rendering him unavailable to the service of a subpoena within the State, resort to CPLR 3108 is permissible (*Gorie v Gorie,* 48 Misc 2d 411, 413).

Although proceeding by deposition upon written questions is a preferred method for conducting an examination outside New York (see *Gorie v Gorie, supra*), its efficacy, like a deposition upon oral questions, is also dependent upon the cooperativeness of the witness and the foreign court. Cognizant of this drawback, CPLR 3108 provides that a commission or letters rogatory may be issued where "necessary or convenient" for the taking of a deposition outside of the State. The commission procedure is available where the notice procedure under the circumstances of the case or the place where the deposition is to be taken may be deemed impracticable or there is some doubt as to whether the deposition may be taken (*Gorie v Gorie, supra*). There will be occasions when the party seeking disclosure detects that the judicial imprimatur accompanying a commission will be necessary or helpful when the person he designates to conduct the deposition in accordance with CPLR 3113 seeks the assistance of the foreign court in compelling the witness to attend the examination. In such a case, the

party's application for a commission should not be dismissed because the movant is taking the precaution of having his designee formally denominated a commissioner rather than first proceeding by notice (see *Corona Hair Net Corp. v Chemaco, Ltd.*, 33 AD2d 1001; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3108:5, p 379).

Missouri apparently did not enact, as did New York (see CPLR 3102, subd [e]), the Uniform Foreign Depositions Act prior to the act's withdrawal by the National Conference of Commissioners in 1966. However, Missouri did adopt a rule that "[w]henever the deposition of any person is to be taken in this state pursuant to the laws of another state * * * for use in proceedings there, the circuit court in the county where the deponent is found, may, upon ex parte application, make an order directing issuance of a subpoena * * * in aid of the taking of the deposition, and having due regard for the laws and rules of such foreign jurisdiction, may make such orders as could be made if the deposition were intended for use in [Missouri]". (Vernon's Ann Mo Rules, Supreme Ct Rule 57.08.) Furthermore, in Missouri, a commissioner appointed by another State for the purpose of taking depositions has the power to issue subpoenas for witnesses to appear and testify and to compel their attendance in the same manner and under like penalty as any Missouri court of record, without first having to resort to an ex parte application to the court (see Vernon's Ann Mo Stats, tit 28, §§ 492.270, 492.100). Consequently, in the instant case, it appears that it will be convenient for defendant to have its designee appointed a commissioner by the court before seeking to depose Deputy Sheriff Mason in Missouri.

The next question is whether the information defendant seeks to obtain by deposing the nonparty witness is within the scope of disclosure set forth in CPLR 3101 and whether the prerequisites for allowing discovery of a nonparty witness have been satisfied.

Under CPLR 3101 (subd [a]), "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The term "evidence" has not been restrictively

interpreted to mean that a party has no right to obtain information at a pretrial examination that might be inadmissible or might not be used as evidence at trial (see *Avila Fabrics v 152 West 36th St. Corp.*, 22 AD2d 238; *Baxter v Orans*, 63 AD2d 875; *Ribley v Harsco Corp.*, 84 Misc 2d 744, affd 57 AD2d 228; *Ball v State of New York*, 101 Misc 2d 554; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.04). Whereas under pre-CPLR disclosure, courts generally did not grant examinations to elicit inadmissible hearsay testimony (see *South Shore Thrift Corp. v National Bank*, 255 App Div 859) or the opinions (see *Vaughn v City of New York*, 132 NYS2d 919) and the conclusions of a witness (see *Metropolitan Life Ins. Co. v Grant Drug Co.*, 140 NYS2d 798), admissibility is no longer the test to be applied in determining a motion for discovery. The ultimate decision of admissibility should be left to the trial court (*Abrams v Vaughan & Bushnell Mfg. Co.*, 37 AD2d 833, 834; *Ribley v Harsco Corp.*, 84 Misc 2d 744, 745, affd 57 AD2d 228, *supra*). "Thus, there is permitted a pretrial disclosure of testimony or documents which, while themselves inadmissible, may lead to the disclosure of admissible proof (Wachtell, New York Practice Under the CPLR [4th ed.], pp. 251-252; 3A Weinstein-Korn-Miller, N.Y. Civ. Prac., pars. 3101.04, 3111.04)" (*Shutt v Pooley*, 43 AD2d 59, 60; see, also, *Baxter v Orans*, 63 AD2d 875, *supra; Avila Fabrics v 152 West 36th St. Corp.*, 22 AD2d 238, *supra; Ball v State of New York*, 101 Misc 2d 554, 560, *supra; Dunlop Tire & Rubber Corp. v FMC Corp.*, 90 Misc 2d 876, 879).

Here, the fact the accident report prepared by Deputy Sheriff Mason, a noneyewitness to the accident, would be inadmissible if based upon information derived from third parties whose communications were casually and voluntarily made and not pursuant to a business duty or obligation (see *Murray v Donlan*, 77 AD2d 337; *Johnson v Lutz*, 253 NY 124; Richardson, Evidence [Prince, 10th ed], § 299), does not preclude an examination of the report's author. Provided an examination of the author is made in good faith and the information sought is reasonably calculated to lead to the discovery of admissible proof, disclosure should not be prohibited.

The Court of Appeals in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403, 406-407) stated: "The words, 'material and necessary', are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. *The test is one of usefulness and reason.* CPLR 3101 (subd. [a]) should be construed * * * to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' * * * 'The purpose of disclosure procedures' * * * 'is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits' and * * * ' "[i]f there is *any possibility* that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 'evidence material * * * in the prosecution or defense' " ' " (emphasis supplied). Further, the word "necessary" is construed to mean needful and not indispensable (*Allen v Crowell-Collier Pub. Co. (supra,* pp 407-408).

Applying the standard of liberal construction for disclosure articulated by the Court of Appeals in *Allen (supra)*, it is clear that Mason's testimony at an examination before trial is "evidence material and necessary" in the defense of plaintiff's action.

A portion of the accident report sets forth the deputy sheriff's opinion as to the cause of the accident. Since the officer had not witnessed the accident, his opinion as to its cause had to be based on postincident expert analysis of observable physical evidence in order to be admissible as a qualified opinion (CPLR 4518; *People v Kohlmeyer,* 284 NY 366; *Murray v Donlan,* 77 AD2d 337, 347, *supra*). At this stage of the proceeding, there is no proof that a postincident analysis was conducted or that Mason was qualified to conduct such analysis and to render an opinion based thereupon. Absent such proof, Mason's unqualified opinion would be inadmissible (see *Clarke v Nadel,* 50 AD2d 851, 852; *Westmoreland v Wilgo Realty Corp.,* 45 AD2d 887, 889). By deposing Mason, defendant may discover the requisite evidence to render Mason's opinion as to the cause of the accident admissible. Whether Mason's opinion

will be admissible should be left to the trial court and not resolved at this juncture by Special Term. Furthermore, even if Mason would not qualify as an accident reconstruction expert, his observations which led him to conclude the accident was caused by an excessive rate of speed for existing conditions would be material to a defense of plaintiff's action, albeit his opinion would be inadmissible. Certainly, a diagram of the accident scene prepared from Mason's personal observations prior to any movement of the accident vehicle and debris would be admissible evidence (see *Clarke v Nadel, supra; Lee v De Carr,* 36 AD2d 554; *Horton v Smith,* 71 AD2d 748, 749, affd 51 NY2d 798; *Penner v Central School Dist. No. 1,* 40 AD2d 883, mot for lv to app den 31 NY2d 645; see, also, *Kajoshaj v Greenspan,* 88 AD2d 538, 539; *Campbell v Manhattan & Bronx Surface Tr. Operating Auth.,* 81 AD2d 529).

Additionally, Mason's conclusion, in his accident report, that "drinking" was a contributing cause of the accident and that plaintiff's ability to drive was impaired may have been based upon his personal observations of plaintiff's physical condition immediately after the accident. Said observations are admissible and material to a comparative negligence defense with respect to plaintiff's culpable conduct contributing to the accident. (See Richardson, Evidence [Prince, 10th ed], § 364, pp 332-333.) Lastly, we note that an examination of Mason may disclose admissions made by plaintiff to Mason at the accident scene, which would also be admissible at trial under a hearsay exception (see Richardson, Evidence [Prince, 10th ed], §§ 209, 218, 226). Accordingly, we conclude that Mason's testimony at an examination before trial is "material and necessary" evidence (CPLR 3101, subd [a]), as that term has been defined in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403, *supra*).

After concluding that the information sought to be disclosed is encompassed within the scope of discovery, the last question to be addressed is whether the prerequisites for obtaining discovery from a nonparty witness have been satisfied.

CPLR 3101 (subd [a], par [3]) permits full disclosure of all evidence material and necessary in the defense of an

action by "a person * * * without the state, or residing at a greater distance from the place of trial than one hundred miles". In its notice of motion for a commission to take the deposition of Deputy Sheriff Mason and in its affidavit in support thereof, defendant alleged that the proposed deponent, a nonparty witness, resided in Missouri. This undisputed allegation sufficed as a separate and independent basis for granting discovery by Mason, under CPLR 3101 (subd [a], par [3]) (*Glens Falls Ins. Co. v Weiss,* 6 Misc 2d 729, 731; see, also *Frommer v Garson,* 34 AD2d 213, 214; *Gorie v Gorie,* 48 Misc 2d 411, 413-414, *supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:21, p 24; cf. *Sadowsky v Chat Noir,* 64 AD2d 697, 698).

Since the proposed deponent was without the State, defendant was not required to demonstrate "adequate special circumstances", under CPLR 3101 (subd [a], par [4]), before disclosure by the nonparty witness would be authorized. Nevertheless, the record on this appeal contains a sufficient showing of special circumstances.

Called upon to interpret and apply CPLR 3101 (subd [a], par [4]) in *Kenford Co. v County of Erie* (41 AD2d 586), the Fourth Department stated: " '[D]isclosure against a nonparty witness should be just as broad in the state practice as it is in the federal. The only barrier is CPLR 3101 (a) (4), and that is truly a *nominal* one. Even hostility of such a witness should not be a necessary showing. *A mere showing by the lawyer that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a "special circumstance" ' "* (emphasis supplied). This construction has been adopted by this court and every other Appellate Division in this State (see *Gersten v New York Hosp.,* 81 AD2d 632 [2d Dept]; *Kelly v Shafiroff,* 80 AD2d 601 [2d Dept]; *Matter of Catskill Center for Conservation & Dev. v Voss,* 70 AD2d 753 [3d Dept]; *Villano v Conde Nast Pubs.,* 46 AD2d 118, 120 [1st Dept]). Measured by this criterion, we conclude that the filing of an accident report by a police officer constitutes a prima facie showing of special circumstances, warranting the deposition of that officer (see *Jones v Wissenbach,* 80 AD2d 962; *Adler v Warren,* 81 AD2d 569). Consequently, the statutory prere-

quisites for obtaining disclosure from this nonparty witness were met.

Lastly, we note that a commission to examine a witness out of the State may permit use of oral questions (open commission) or written questions (sealed commission) (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3108:5, p 379). Cognizant that oral interrogation is a more effective method for eliciting information at an examination before trial, under the circumstances of this case, defendant may proceed by open commission. Furthermore, the record is devoid of any proof that plaintiff would not have an equal opportunity to examine and cross-examine the witness in Missouri, unless his disclosure expenses are defrayed by defendant. Therefore, the expenses incurred in connection with this disclosure are to be paid by the respective parties and said expenses may be taxed as disbursements by the prevailing litigant (see *Lane Bryant, Inc. v Cohen,* 86 AD2d 805; *Cooper v Met Merchandising,* 54 AD2d 859; *Bottalico v Seaboard Coast Line R. R. Co.,* 33 AD2d 756; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3108.03; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3108:5, p 379; C3103:5, p 301).

Accordingly, the order, dated April 21, 1983, should be reversed with costs, and defendant's motion to examine Deputy Sheriff J. K. Mason by open commission, pursuant to CPLR 3108, should be granted. The matter is remitted to Special Term for the purpose of issuing an open commission to a person before whom depositions may be taken in accordance with CPLR 3113.

MOLLEN, P. J., THOMPSON and BOYERS, JJ., concur.

Order of the Supreme Court, Nassau County, dated April 21, 1983, reversed, with costs, defendant's motion granted and matter remitted to Special Term for the purpose of issuing an open commission to a person before whom depositions may be taken in accordance with CPLR 3113.