■ NANCY KELLY, an Infant, by Her Parent and Natural Guardian, BRIDGET KELLY, et al., Respondents, v NORMAN JUSKOWITZ et al., Appellants, et al., Defendants.—In a medical malpractice action, the defendants Norman Juskowitz and Norman Juskowitz, P. C., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered May 16, 1990, as denied that branch of their motion which was for an open commission to conduct an oral deposition of a nonparty witness, Rosemary Riley, a resident of the State of New Jersey.

Ordered that the order is affirmed insofar as appealed from, with costs.

This medical malpractice action was brought on behalf of the infant plaintiff by her natural parents, Bridget and Colm Kelly, to recover damages for personal injuries allegedly sustained at the time of her delivery and birth. The appellant, Dr. Norman Juskowitz, is charged with negligence for allegedly failing, *inter alia,* to adequately monitor the progress of the mother's labor, and failing to perform a prompt Caesarian section.

At an examination before trial, Bridget Kelly testified that her mother Rosemary Riley had spoken to Dr. Juskowitz on the night the child was born, inquiring as to what had happened, and why he did not perform a Caesarian section. The doctor reportedly replied that he did not know what happened. Thereafter, his attorneys wrote a letter to the attorney for the plaintiffs indicating that they intended to depose the child's maternal grandmother.

Thereafter, at a discovery compliance conference, the attorney for the plaintiffs stipulated that the doctor had not responded to the questions asked by the child's grandmother, and she (the grandmother) would not be giving testimony at trial regarding any communication from the doctor. Shortly after the conference, the plaintiffs filed their certificate of readiness.

The appellants then moved to strike the certificate of readiness and to compel further discovery. They requested, among other things, the issuance of an open commission to depose the maternal grandmother, who resided in the State of New Jersey. In opposition to the motion, the attorney for the

plaintiffs argued that the request to depose the maternal grandmother had become moot in light of the stipulation made during the compliance conference. We agree.

In order to justify the issuance of a commission to take the deposition of the child's grandmother, a nonparty witness, the appellants were required to establish that she possesses relevant evidence, or that examining her would be reasonably calculated to lead to the discovery of information bearing on the defense of the claims made against them by the plaintiffs in this action (see, Wiseman v American Motors Sales Corp., 103 AD2d 230; cf., Herbst v Bruhn, 106 AD2d 546, 549). The stipulation made by the plaintiffs' attorney at the compliance conference effectively removed the issue of whether the doctor made admissions of negligence during his purported conversation with the child's maternal grandmother. On the record, we find no basis to conclude that an examination of this witness could lead to the discovery of material information as to any disputed issue in this case. Accordingly, the denial of that branch of the appellant's motion did not constitute an improvident exercise of discretion (cf., Jira v Levin-Epstein, 172 AD2d 495). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.