■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW O'BRIEN, Appellant. [658 NYS2d 881] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered November 18, 1994, convicting defendant, after a jury trial, of attempted robbery in the first degree and two counts of attempted robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years, 3½ to 7 years and 3½ to 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Discrepancies in the identification testimony presented factual questions for the jury, and we see no reason to disturb its determinations (*People v Jenkins*, 174 AD2d 379, *lv denied* 78 NY2d 968).

Defendant's motion to suppress identification testimony was properly denied. None of the procedures was "so unnecessarily suggestive and conducive to an erroneous identification as to violate defendant's right to the due process of law" (*People v Howard*, 130 AD2d 384, 385; *see also, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

The challenged portions of the People's summation do not warrant reversal. We have considered defendant's remaining arguments and find them to be without merit. Concur— Wallach, J. P., Nardelli, Rubin, Tom and Andrias, JJ.

■ CHRISTINE WHITE et al., Respondents, v BRONX LEBANON HOSPITAL CENTER et al., Defendants, and MEHENDRA B. DAVE et al., Appellants. [658 NYS2d 288] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 16, 1996, which granted plaintiffs' motion to quash the subpoena and notice to take deposition of a nonresident, nonparty witness, and denied defendants' cross motion for an order directing the witness's deposition, unanimously affirmed, with costs.

In seeking to take the deposition of a nonresident, nonparty witness nine months after the note of issue was filed, defendants have failed to demonstrate any unusual or unanticipated circumstance warranting deviation from the rule that disclosure proceedings may not be conducted after the filing of the note of issue (*see, Price v Bloomingdale's*, 166 AD2d 151). Further, the subpoena served by defendants upon the out-of-State nonparty witness has no legal effect in New York (*Coombs v Rowand*, 39 AD2d 532, *appeal dismissed* 31 NY2d 853). We have considered defendants' remaining claims and find them to be without merit. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.