■ MICHAEL LEWIS, Respondent, v DONALD BAKER et al., Defendants, and SEARS ROEBUCK AND COMPANY, INC., Appellant. (And Third-Party Actions.) [720 NYS2d 26] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered September 2, 1999, which, to the extent appealed from as limited by the briefs, denied defendant Sears Roebuck and Company, Inc.'s motion to delete so much of a prior order of the same court and Justice, dated May 25, 1999, which, *sua sponte*, directed the deposition of non-party Earl Records, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and that part of the May 25, 1999 order directing the deposition of Mr. Records vacated.

There is no dispute that Mr. Records is a non-party to this action and a non-resident of this State, currently residing in Indiana. It is also clear that Mr. Records has not been served

with a notice of deposition or a subpoena, and that plaintiff has not moved for a commission or letters rogatory. Indeed, unless Mr. Records voluntarily complies with a notice of deposition, if one is ever served, plaintiff's remedy lies within the mechanisms set forth in CPLR 3108 (*see also, Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 235). It was, however, at this juncture, an improvident exercise of discretion and beyond the court's authority to direct Mr. Records to appear in the Bronx County Courthouse for a deposition. We do not reach the issue of Mr. Records' purported status as an expert for defendant Sears Roebuck and Company. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.