■ INDUSTRIAS TUCK DE MEXICO, S. A., Respondent, v TUCK INDUSTRIES, INC., Appellant.—Judgment entered in the Supreme Court, New York County, on April 30, 1975 unanimously affirmed with $60 costs and disbursements to respondent. The reasonableness of the substitute or "cover" goods (Uniform Commercial Code, § 2-712), the proper amount paid as Mexican import duty, as well as other items of damage all presented questions of fact for jury determination. We have examined the various other errors claimed by appellant and find them without merit. The case was fairly submitted to the jury on the evidence. We find no error to justify our interference with the judgment appealed from. Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.

■ In the Matter of LOUIS TROTTA, Appellant, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND et al., Respondents.—Judgment, Supreme Court, New York County, entered January 29, 1975, dismissing the petition, unanimously affirmed, without costs or disbursements. The determination of the board of trustees was made on May 23, 1974 and mailed on May 24, 1974. Petitioner does not deny receipt of the notice within three days after its mailing. This proceeding was commenced on October 30, 1974 and is therefore time-barred (CPLR 217). Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Lane, JJ.

■ NORTHWEST MANAGEMENT CORP., Appellant, v OVERLOOK REALTY Co. et al., Respondents.—Order, Supreme Court, New York County, entered on June 30, 1975, which granted defendants' motion for a protective order vacating notices to take the depositions of two witnesses and portions of a notice for discovery and inspection, unanimously modified, on the law and in the exercise of discretion, to the extent of denying the motion to vacate the notices to take depositions, and, as so modified affirmed, without costs and without disbursements. In this action for breach of contract to pay brokerage commissions, plaintiff has satisfactorily established adequate special circumstances (CPLR 3101, subd [a], par [4]) to depose the witnesses. Although both are nonparties to this action, they possess knowledge relating to the alleged hiring of plaintiff as broker, as well as concerning the transactions involved and prior offers to purchase, which may affect plaintiff's right of recovery. Such evidence is "material and necessary" to the prosecution of this action (CPLR 3101, subd [a]), terms liberally interpreted so as to require disclosure, upon request, of any facts which would assist preparation for trial by sharpening the issues *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–408). The testimony of each of said persons is of such nature *(Allen v Crowell-Collier Pub. Co., supra,* p 407). Those portions of the notice for discovery and inspection which were stricken were properly eliminated. (See *Rios v Donovan,* 21 AD2d 409.) Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Lane, JJ.