## (April 6, 1981)

■ MURRAY ADLER et al., Appellants, v WILLIAM WARREN et al., Respondents. — In a personal injury action, plaintiffs appeal from an order of the Supreme Court, Rockland County, entered September 15, 1980, which denied their motion (a) for a change of venue and (b) to require defendant Warren to appear for a further deposition (to answer questions he had previously refused to answer). Leave to appeal from the latter portion of the order is granted by Mr. Justice Titone (see *Siegal v Arnao,* 61 AD2d 812). Order modified, by deleting the provision denying the branch of plaintiffs' motion which sought to compel defendant Warren to appear for a further deposition and substituting a provision granting that branch of the motion unless defendant Warren furnishes plaintiffs' attorney with the names and addresses of the three prospective witnesses. As so modified, order affirmed, without costs or disbursements. Defendant Warren shall furnish the information within 10 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event he fails to supply the information, plaintiffs may serve a notice for a further deposition. Since one of the issues raised by the pleadings is that on the evening of the accident defendant Warren was acting within the scope of his employment when he

met, and, *inter alia,* dined with three fellow clergymen, plaintiffs have satisfactorily established adequate special circumstances to notice such individuals for a deposition (see CPLR 3101, subd [a], par [4]; *Northwest Mgt. Corp. v Overlook Realty Co.,* 51 AD2d 526). Moreover, their testimony is also relevant to plaintiffs' action against defendant Warren. Although nonparties to the action, they nevertheless possess knowledge pertaining to defendant Warren's activities during the period they were in his company, all or some of which might conceivably have had a bearing on his conduct and perception at the time of the accident some hours later. Their testimony as to both defendants is material and necessary to the prosecution of the action (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Damiani, J.P., Titone, Mangano and Rabin, JJ., concur.