■ ROGER A. WYNKOOP, Also Known as DAVID R. A. WYN-KOOP, Appellant, v COUNTY OF NASSAU et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered December 23, 1985, which denied his motion for leave to depose a nonparty witness Dr. Gordon Leftenant upon open commission pursuant to CPLR 3108.

Ordered that the order is reversed, with costs, the plaintiff's motion for leave to examine Dr. Gordon Leftenant by open commission pursuant to CPLR 3108 is granted, and the matter is remitted to the Supreme Court, Nassau County, for the purpose of issuing an open commission to a person before whom depositions may be taken in accordance with CPLR 3113.

In this medical malpractice action, the plaintiff sought to depose a Dr. Gordon Leftenant who had apparently treated the plaintiff in the defendants' emergency room. Upon attempting to serve a subpoena, the plaintiff discovered that the doctor had moved and then resided in Philadelphia, Pennsylvania. The plaintiff moved for an order compelling Dr. Leftenant to appear and submit to an examination before trial in

Philadelphia. The motion was denied by order of the Supreme Court, Nassau County, (Kutner, J.), dated October 7, 1985, based upon the lack of subpoena power over the nonparty witness who is outside the State. The court otherwise found that plaintiff would have been entitled to depose Dr. Leftenant pursuant to CPLR 3101 (a) if he were not outside the State.

The plaintiff subsequently moved pursuant to CPLR 3108 for an open commission to take the doctor's deposition in Philadelphia. In the order appealed from, the motion was denied based upon the doctrine of the law of the case, since the plaintiff had not appealed from the prior order and was, therefore, bound by it.

Initially, it is noted that the doctrine of law of the case is not binding upon an appellate court (see, Wilson v McCarthy, 53 AD2d 860). In any event, the doctrine did not preclude the granting of the plaintiff's second motion. The issue of whether the plaintiff should have been permitted to depose the non-party witness residing without the State by open commission was not before the court which issued the order dated October 7, 1985. Indeed, the court found that, except for a lack of subpoena power over the witness, the plaintiff was otherwise entitled to the deposition.

Since it is undisputed that the witness presently resides without the State, the plaintiff's resort to the disclosure devices available under CPLR 3108 is permissible (see, Wiseman v American Motors Sales Corp., 103 AD2d 230). Given that a physician is to be examined with reference to his diagnosis and treatment of the plaintiff, an oral examination is clearly a more effective method of eliciting information. The expenses incurred in connection with this disclosure are to be paid by the respective parties and those expenses may be taxed as disbursements by the prevailing litigant (see, Wiseman v American Motors Sales Corp., supra, at 241). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.