■ JOSEPH STANZIONE et al., Respondents, v CONSUMER BUILDERS, INC., et al., Defendants, and CHAMPION INTERNATIONAL CORPORATION, BUILDING PRODUCTS DIVISION, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant Champion International Corporation, Building Products Division, appeals from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated February 26, 1988, as denied that branch of its motion which was for leave to depose nonparty witnesses Michael Stanzione and Salvatore Stanzione upon open commissions pursuant to CPLR 3108.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the appellant's motion which was for leave to depose Michael Stanzione and Salvatore Stanzione upon open commissions pursuant to CPLR 3108 is granted, and the matter is remitted to the Supreme Court, Kings County, for the purpose of issuing open commissions to a person before whom depositions may be taken in accordance with CPLR 3113 (a) (2).

The plaintiffs commenced this action to recover damages, *inter alia,* for personal injuries allegedly sustained by the plaintiff Joseph Stanzione. In the complaint, the injured plaintiff claimed that he fell from scaffolding made of allegedly defective wood supplied by the defendant Champion International Corporation, Building Products Division (hereinafter Champion). The testimony at the injured plaintiff's examinations before trial indicated that Michael Stanzione, the injured plaintiff's brother, and Salvatore Stanzione, the plaintiffs' son, had witnessed the accident.

Since Michael Stanzione lived in New Jersey and Salvatore Stanzione lived in Pennsylvania, Champion moved, *inter alia,* pursuant to CPLR 3108 and 3113, to direct the issuance of open commissions to facilitate the taking of the oral depositions of the two out-of-State eyewitnesses to the accident. The Supreme Court denied the requested relief.

The disclosure sought by Champion is "evidence material and necessary" for the defense of the plaintiffs' action (CPLR 3101 [a]; *see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407). Further, it is undisputed that the eyewitnesses presently reside outside New York. Accordingly, Champion's application for commissions, pursuant to CPLR 3108 and 3113, was appropriate *(see, Wynkoop v County of Nassau,* 139 AD2d 731; *Wiseman v American Motors Sales Corp.,* 103 AD2d 230). In addition, since "oral interrogation is a more effective method for eliciting information at an examination before trial", under the circumstances, where the nonparty witnesses are going to be questioned about the accident, Champion should be permitted to proceed by open commission (use of oral questions), as opposed to a sealed commission (use of written questions) *(Wiseman v American Motors Sales Corp., supra,* at 241; *see, Wynkoop v County of Nassau, supra,* at 732). Finally, we note that "the expenses incurred in connection with this disclosure are to be paid by the respective parties and said expenses may be taxed as disbursements by the prevailing litigant[s]" *(Wiseman v American Motors Sales Corp., supra,* at 241; *see, Wynkoop v County of Nassau, supra,* at 732). Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.