■ NORA KELLEHER, Individually and as Parent and Natural Guardian of RICHARD P. KELLEHER, an Infant, Appellant, v MICHAEL MAZZARO SR. et al., Doing Business as NANCY LEE MOTEL, Defendants, and WILLIS BENNETT et al., Respondents. —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 19, 1990 in Warren County, which denied plaintiff's motion to depose a nonparty witness upon open commission pursuant to CPLR 3108.

Plaintiff's infant son suffered serious dental and maxillary injuries in 1984 when he fell from a horse hired from a riding stable operated by defendants Willis Bennett, Joyce Bennett and Bonnie Bennett (hereinafter collectively referred to as defendants). Plaintiff originally commenced this action in Dutchess County to recover for damages suffered on account of her son's injuries, but venue was changed to Warren County upon defendants' motion. It is undisputed that at all relevant times before and after the accident plaintiff's treating dentist has been Kenneth Groman of Holmdel, New Jersey, a community located approximately 300 miles from Warren County. Groman has indicated that it would be impossible for him to travel to Warren County to give testimony, but offered to make himself available for a videotaped deposition either in New Jersey or, as an accommodation to the parties, in New York City. Consequently, plaintiff moved, *inter alia,* for an order pursuant to CPLR 3108 to depose Groman upon open commission. Supreme Court denied the motion and plaintiff appeals.

In our view, Supreme Court abused its discretion in denying plaintiff's motion. There is no question that CPLR 3108 authorizes the taking of oral depositions outside the State *(see, Wiseman v American Motors Sales Corp.,* 103 AD2d 230, 241; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3108:5, at 461; Siegel, NY Prac § 360, at 524 [2d ed]). In view of the fact that Groman's testimony is critical to the issue of damages and because "oral interrogation is a more effective method for eliciting information at an examination before trial" *(Wiseman v American Motors Sales Corp., supra,* at 241), plaintiff should be permitted to proceed by an open commission *(see, Stanzione v Consumer Bldrs.,* 149 AD2d 682, 683; *Wynkoop v County of Nassau,* 139 AD2d 731, 732; *Wiseman v American Motors Sales Corp., supra).* Of course, the parties may stipulate to take the deposition in New York

City if Groman is still willing to attend at that location. Further, the deposition may be videotaped in accordance with 22 NYCRR 202.15 *(see,* CPLR 3113 [b]), at the expense of the party seeking the videotaped recording *(see,* 22 NYCRR 202.15 [k]), and may be used at trial in accordance with CPLR 3117 (a) (3) (ii) and (a) (4). Finally, the other expenses incurred in connection with the examination shall be paid by the respective parties and may be taxed as disbursements by the prevailing litigant.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion for leave to examine Kenneth Groman by open commission pursuant to CPLR 3108 granted and matter remitted to the Supreme Court for the purpose of issuing an open commission to a person before whom depositions may be taken in accordance with CPLR 3113.