■ JAMES MORGAN, Respondent, v DELL PUBLISHING CO., INC., Appellant.—In an action to recover damages for libel, the defendant appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered June 15, 1990, as denied its motion to direct the issuance of open commissions to conduct discovery with respect to agencies of the Federal Government located within the State of New York, and (2) from an order of the same court, entered October 23, 1990, which denied its motion, denominated as one for renewal and reargument, but which was, in actuality, for reargument.

Ordered that the appeal from the order entered October 23, 1990, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 15, 1990, is reversed insofar as appealed from, on the law and as a matter of discretion, the appellant's motion to direct the issuance of open commissions pursuant to CPLR 3108 to take "the oral deposition of, and obtain the production of books, papers and other things in the possession, custody or control of, the custodians of records of the United States Customs Service, the Drug Enforcement Administration, the Central Intelligence Agency, the Federal Bureau of Investigation, and the Bureau of Alcohol, Tobacco and Firearms", is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of issuing open commissions to a person before whom depositions may be taken in accordance with CPLR 3113 (a) (2); and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff commenced the instant action against the

defendant for the defendant's publication of a book which concerns the workings of the Drug Enforcement Administration (hereinafter the DEA). The book details, *inter alia,* dealings between the plaintiff, alleged to be an arms manufacturer, and an individual the defendant alleges to be a well-known international drug trafficker. It is not disputed that among the issues in the lawsuit are the truth of the assertions made in the book, the status of the plaintiff as a public figure, the credibility of the sources upon which the author relied, and the reputation of the plaintiff. The defendant sought open commissions pursuant to CPLR 3108 to depose the custodians of records of certain Federal agencies, including the DEA, and to obtain records therefrom based upon knowledge obtained from "United States Government officials". The Supreme Court denied the application without passing on the relevancy of the information sought, basing its ruling on the fact that the defendant had not attempted to obtain that information under the Federal Freedom of Information Act (hereinafter FOIA) (5 USC § 552 *et seq.).* We conclude that this ruling was premised on an erroneous view of the law and that open commissions are warranted, and accordingly reverse.

CPLR article 31, of which CPLR 3108 is a part, is to be construed liberally to effect its goal of full disclosure of "all evidence material and necessary in the * * * defense of an action" (CPLR 3101 [a]; *see also, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). This goal will be thwarted if a party must first satisfy an unrelated Federal or State statute before resort to the article itself may be had. To the extent that it may have been relied upon by the Supreme Court, the doctrine of exhaustion of administrative remedies simply does not apply here. The underlying lawsuit does not concern an administrative action which an aggrieved party wishes a court to review *(see generally,* 5 NY Jur 2d, Article 78 and Related Proceedings, § 13). The Federal agencies named by the defendant are involved only because they allegedly hold information relevant to the defense of this civil libel action. Indeed, and as the defendant correctly asserts, Federal cases stress the distinction between discovery in civil litigation and FOIA requests, indicating that one was never intended to replace or supplement the other *(see, National Labor Relations Bd. v Robbins Tire & Rubber Co.,* 437 US 214, 242; *National Labor Relations Bd. v Sears, Roebuck & Co.,* 421 US 132, 143, n 10; *Metex Corp. v ACS Indus.,* 748 F2d 150, 155 [3d Cir]; *Association for Women in Science v Califano,* 566 F2d 339, 342 [DC Cir]).

The contention that the Supreme Court did not have the

authority to enforce a subpoena against a Federal agency is meritless, as the statute is designed to address that very problem. Where service of a subpoena outside the State will be ineffective to compel a witness to appear at a deposition, CPLR 3108 makes the open commission available to secure such disclosure *(see, Wiseman v American Motors Sales Corp.,* 103 AD2d 230, 235)*. The plaintiff also challenges the relevance and scope of the request for documents, the disclosure of which is the ultimate goal of the defendant, but we conclude that the open commission (use of oral questions) is a proper device for locating the records the defendant cannot yet name; "such procedure becomes a prerequisite in order properly to identify documents in the possession and control" of the custodian of those documents *(Rios v Donovan,* 21 AD2d 409, 414)*. The records themselves can later be sought under the same commissions *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3108:5, at 462)*. We will not engage in speculation as to the possible responses of the DEA or the other agencies which are the subject of the commissions sought; we find that the defendant has provided a sufficient factual basis for the issuance of the commissions, which is what concerns us here.

We note that expenses incurred by either party in connection with this discovery should be paid by the party that incurs the expense and may be taxed as disbursements by the litigant who ultimately prevails *(see, Stanzione v Consumer Bldrs.,* 149 AD2d 682; *Wiseman v American Motors Sales Corp., supra)*.

Finally, we note that, although the order entered October 23, 1990, does not specify whether the Supreme Court considered the appellant's motion as one for leave to renew or reargue, in its memorandum decision dated September 26, 1990, the Supreme Court expressly treated the application as one solely for reargument and denied it. Accordingly, no appeal lies from the order entered October 23, 1990 *(see, e.g., Roberts v Connelly,* 35 AD2d 813)*. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.