■ KAREN MIFSUD, Individually and as Mother and Natural Guardian of KEITH MIFSUD, an Infant, Appellant, v CITY OF NEW YORK, Respondent. [617 NYS2d 823] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated December 17, 1992, which denied their motion for leave to depose nonparty witness Richard Retting upon an open commission pursuant to CPLR 3108.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the matter is remitted to the Supreme Court, Queens County for the purpose of issuing a commission to a person before whom depositions may be taken in accordance with CPLR 3113 (a) (2).

The infant Keith Mifsud was crossing Atlantic Avenue at its intersection with 84th Street in Queens County when he was struck by an automobile. The plaintiffs allege that the negligent redesign and resurfacing of this roadway by the defendant City of New York was a proximate cause of the accident. The plaintiffs sought to depose Richard Retting, a former New York City Department of Transportation official, who lived

out-of-State. Retting, along with deposed witness John Tipaldo, had coauthored an article concerning the redesign and resurfacing of Atlantic Avenue. In addition, while Retting was still an employee of the Department of Transportation, he and his office participated in the redesign and resurfacing project.

Since the deposition of Retting could at the very least lead to the disclosure of evidence material and necessary to the prosecution of the action, the plaintiffs' motion for an open commission pursuant to CPLR 3108 should have been granted (*see,* CPLR 3101 [a]; *Stanzione v Consumer Bldrs.,* 149 AD2d 682; *Wiseman v American Motors Sales Corp.,* 103 AD2d 230). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.