■ ARNOLD NEWMAN et al., Respondents, v THOMAS DE-LAURO, Appellant. [617 NYS2d 801] —In an action to recover damages for podiatric malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Zelman, J.), dated October 28, 1992, which granted the plaintiffs' motion to set aside the jury verdict in favor of the defendant.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the jury verdict is reinstated, and the complaint is dismissed.

" ' "A verdict in favor of a defendant should not be set

aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" ' " *(Cerasuoli v Brevetti,* 166 AD2d 403, 404, quoting *Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, *affd* 9 NY2d 829; *Nicastro v Park,* 113 AD2d 129). Here, the jury was entitled to accept the testimony of the defendant's witness who opined that the defendant did not depart from good and accepted standards of podiatric medicine in his treatment of the defendant. In addition, the jury could have reasonably accepted the defendant's testimony that he obtained the plaintiff Arnold Newman's consent before performing an incision and drainage. Thus, it cannot be said that the verdict in the defendant's favor could not have been reached by a fair interpretation of the evidence. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.