■ In the Matter of the Estate of PETER GAILIUNAS, Deceased. JONATHAN M. WEINSTEIN, Respondent; ATTORNEY-GENERAL OF THE STATE OF NEW YORK et al., Appellants. [619 NYS2d 959] —In a proceeding pursuant to SCPA 2222 to withdraw funds on deposit with the Comptroller of the State of New York, the Attorney-General and the Comptroller of the State of New York appeal (1) as limited by their brief, from stated portions of an order of the Surrogate's Court, Kings County (Bloom, S.), dated June 8, 1994, which, *inter alia,* granted the motion of the petitioner for leave to depose certain witnesses in Lithuania and elsewhere upon open commissions pursuant to CPLR 3108, and (2) from an order of the same court, dated June 23, 1994, which denied their motion to resettle the recital paragraphs of the order dated June 8, 1994, to reflect that they submitted papers in opposition to the petitioner's motion.

Ordered that the order dated June 23, 1994, is reversed, on the law, without costs or disbursements, and the motion to resettle the order dated June 8, 1994, is granted; and it is further,

Ordered that the order dated June 8, 1994, is resettled by adding to the second paragraph thereof, after the words "in support of the application", the following language: "and the affidavit of Howard Holt, sworn to the 25th day of May, 1994, and all exhibits submitted in connection therewith, in opposition to the application"; and it is further,

Ordered that the order dated June 8, 1994, is modified by adding thereto the following provision: "ORDERED that each person receiving an advance towards his or her expenses is directed to fly coach/economy class and to obtain a hotel room no higher than 'standard grade' "; and it is further,

Ordered that the order dated June 8, 1994, as so resettled and modified, is affirmed insofar as appealed from, without costs or disbursements.

The appellants were entitled to have the recital paragraphs of the order dated June 8, 1994, resettled to recite the fact that they had submitted papers in opposition to the petitioner's motion for leave to depose certain witnesses in Lithuania upon open commissions (see, CPLR 2219 [a]; Matter of Tillman, 232 App Div 575). We have strongly emphasized the requirement that courts of first instance comply with the mandate of CPLR 2219 to fully set forth the papers upon which the order was made, inasmuch as such compliance assists this Court in defining the scope of the record on appeal (see, Glickman v Sami, 146 AD2d 671).

Upon examination of the record, we find that the Surrogate properly granted the petitioner's motion inasmuch as his papers demonstrated that the proposed deposition procedure was convenient and that the potential testimony was material and necessary to establish the kinship of the putative distributees and was otherwise unavailable to the petitioner (see, CPLR 3108; see generally, Morgan v Dell Publ. Co., 185 AD2d 876; Kelleher v Mazzaro, 175 AD2d 352). However, we find that under the circumstances presented, the Surrogate's Court should have placed reasonable restrictions upon the expenses associated with the taking of the depositions. Hence, we have modified the order dated June 8, 1994, accordingly. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.