■ LISA GOLDBLATT, Respondent, v AVIS RENT A CAR SYSTEM, INC., et al., Appellants, et al., Defendant. [637 NYS2d 188] —In an action to recover damages for personal injuries, the defendants Avis Rent A Car System, Inc., and Daniel Lederman appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated January 3, 1995, which denied their motion for leave to depose nonparty witness Robert M. Gordon, M.D., upon open commission pursuant to CPLR 3108, and granted the plaintiff's cross motion for a protective order to the extent of precluding the deposition of that witness.

Ordered that the order is reversed, on the law, with costs, the appellants' motion for leave to examine Robert M. Gordon, M.D., by open commission pursuant to CPLR 3108 is granted, the plaintiff's cross motion for a protective order is denied in its entirety, and the matter is remitted to the Supreme Court, Nassau County, for the purpose of issuing an open commission to a person before whom depositions may be taken in accordance with CPLR 3113.

The plaintiff, who is a resident of Washington, D.C., allegedly sustained injuries while riding as a passenger in a car owned by the appellant Avis Rent A Car System, Inc. (hereinafter Avis) and operated by the appellant Daniel Lederman. Avis retained the services of Robert M. Gordon, M.D., a physician who practices in Washington, to examine the plaintiff. The appellants sought leave to depose Dr. Gordon in Washington in anticipation of using his deposition testimony as the testimony of an expert witness at trial pursuant to CPLR 3117

(a) (4). The plaintiff cross-moved for a protective order precluding the appellants from calling Dr. Gordon as a witness at trial. The Supreme Court denied the appellants' motion and granted the plaintiff's cross motion to the extent of precluding the appellants from deposing Dr. Gordon, reasoning that the plaintiff would be prejudiced by the inability to cross-examine the witness before the jury.

As the appellants argue, however, they are clearly entitled to depose Dr. Gordon (*see*, CPLR 3101 [a] [3]), and would be authorized to use his deposition at trial as evidence-in-chief without demonstrating special circumstances or unavailability (*see*, CPLR 3117 [a] [4]). Because it is undisputed that Dr. Gordon resides outside the State, the appellants' motion for a commission pursuant to CPLR 3108 was appropriate (*see, Stanzione v Consumer Bldrs.*, 149 AD2d 682; *Wiseman v American Motors Sales Corp.*, 103 AD2d 230). Given that Dr. Gordon will be questioned regarding his examination and diagnosis of the plaintiff, the appellants should be able to proceed by open commission (oral questions) rather than sealed commission (written questions) (*see, Stanzione v Consumer Bldrs., supra*, at 683; *Wynkoop v County of Nassau*, 139 AD2d 731; *Wiseman v American Motors Sales Corp., supra*, at 241).

The reasonable expenses incurred in connection with disclosure such as this are typically paid by the respective parties, and may be taxed as disbursements by the prevailing litigant (*see, Stanzione v Consumer Bldrs., supra; Wiseman v American Motors Sales Corp., supra*). In this case, however, the appellants offered to pay the plaintiff's reasonable expenses incurred in connection with the requested deposition. Under the circumstances, the appellants are directed to pay the plaintiff's costs incurred in connection with Dr. Gordon's deposition (*see, e.g., Campbell v Kingsbrook Jewish Med. Ctr.*, 143 AD2d 872). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.