■ BERYL N. MECKERT, Appellant, v SEARS ROEBUCK & COMPANY, Respondent. [712 NYS2d 56] —In an action, *inter alia*, to recover damages for wrongful death and personal injuries arising from strict products liability, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated August 9, 1999, as, upon reargument and renewal, adhered to prior determinations made in two orders, both dated April 9, 1999, denying her separate motions for the issuance of open commissions pursuant to CPLR 3108, and for the admission of George McLaughlin, Esq., pro hac vice.

Ordered that the order dated August 9, 1999, is reversed insofar as appealed from, with costs, the orders dated April 9, 1999, are vacated, and the plaintiff's motions to direct the issuance of open commissions pursuant to CPLR 3108 and for the admission of George McLaughlin, Esq., pro hac vice are granted.

This action concerns alleged damages for wrongful death and injuries arising from strict products liability, negligence, and breach of warranty. It is alleged that a proximate cause of the damages was a fire resulting from a defective electric blanket purchased from the defendant. After issue was joined and various disclosure completed, the plaintiff moved for the issuance of open commissions pursuant to CPLR 3108 to take the oral deposition of certain former and current employees of the nonparty Sunbeam Corporation (hereinafter Sunbeam) residing in Mississippi. Sunbeam is the alleged manufacturer of the electric blanket at issue. Further, the plaintiff sought the admission pro hac vice of George McLaughlin, Esq., an attorney admitted to practice in West Virginia. McLaughlin is alleged to have special knowledge and expertise in areas relevant to the plaintiff's claims. In the order appealed from, the Supreme Court, upon granting leave to reargue and renew, adhered to prior determinations denying the motions on the ground that there was insufficient evidence that the blanket at issue had been manufactured by Sunbeam. Therefore, the Supreme Court determined that the testimony of the Sunbeam witnesses and the asserted expertise of McLaughlin were not

relevant, and did not warrant the granting of an open commission. We reverse the order insofar as appealed from.

Contrary to the determination of the Supreme Court, the plaintiff submitted sufficient evidence that the electric blanket at issue was manufactured by Sunbeam and sold by the defendant. Thus, as the plaintiff demonstrated that the information sought from the out-of-State nonparty witnesses was material and necessary to the prosecution of her claims, the motion for the issuance of an open commission should have been granted (*see, Goldblatt v Avis Rent A Car Sys.,* 223 AD2d 670; *Newman v DeLauro,* 208 AD2d 703; *Stanzione v Consumer Bldrs.,* 149 AD2d 682; *Wiseman v American Motors Sales Corp.,* 103 AD2d 230). Further, upon balancing the relevant factors, the admission of McLaughlin pro hac vice is warranted (*see, Neal v Ecolab, Inc.,* 252 AD2d 716; *Campbell v Rogers & Wells,* 218 AD2d 576). Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.