| |
|---|
| **Bagdon v Qureshi** |
| 2026 NY Slip Op 31057(U) |
| March 17, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805208/2017 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**

*Justice*

PART                    65M

--------------------------------------------------------------------------------X

ZACHARY BAGDON , AMANDA BAGDON

Plaintiffs,

- v -

SHEERAZ QURESHI , THE MOUNT SINAI HOSPITAL,
ANDREW HECHT, NOOMAN ASHRAF

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805208/2017 |
| MOTION DATE | 01/20/2026 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 200, 201

were read on this motion for _____ LEAVE TO TAKE DEPOSITION _____.

Plaintiffs Zachary and Amanda Bagdon (collectively "plaintiffs") move by order to show cause for leave to take a videotaped deposition of Dr. Rush Fisher, M.D., plaintiffs' out-of-state treating physician, for use at trial. The proposed relief is an order permitting the deposition to be taken and used at trial in lieu of Dr. Fisher's live testimony. Defendants Sheeraz Qureshi, M.D. and The Mount Sinai Hospital, Dr. Andrew Hecht and Dr. Noman Ashraf (collectively "defendants") oppose the motion. Plaintiffs contend that CPLR § 3117(a)(4) expressly authorizes use of a treating physician's deposition without showing unavailability or other special circumstances, and that out-of-state location and scheduling difficulties justify a videotaped deposition. Defendants argue that CPLR § 3117(a)(4) does not automatically entitle plaintiffs to videotaped testimony and that substituting prerecorded testimony for live expert evidence would prejudice defendants and usurp the court's trial management role.

## BACKGROUND AND PROCEDURAL HISTORY

This medical malpractice action stems from plaintiffs' treatment at Mount Sinai. Plaintiff Zachary Bagdon underwent two spinal surgeries by Dr. Qureshi at Mount Sinai in May and July 2016. Following unsatisfactory results, plaintiff later consulted Dr. Fisher, an orthopedic surgeon practicing in Philadelphia, Pennsylvania, who performed an additional surgery in 2016. Plaintiff alleges that defendants' negligence caused paralysis requiring this third surgery. Defendants deny liability. By stipulation dated September 28, 2022, the parties filed a note of issue and jury demand. An initial trial date of March 16, 2026 was scheduled. On that date, the trial part adjourned the matter. The case is now set to proceed to trial on September 14, 2026.

On January 20, 2026, plaintiffs filed the instant motion on shortened notice. Plaintiffs' counsel, Gary Lichtman, submitted an affirmation in support of leave to videotape Dr. Fisher's deposition for trial use. Plaintiffs' submissions state that Dr. Fisher practices in Philadelphia and

805208/2017  BAGDON, ZACHARY vs. QURESHI, M.D., SHEERAZ
Motion No. 006

Page 1 of 6

that the physician's schedule and out-of-state location make it impractical for him to travel to New York for trial. Plaintiffs did not previously depose Dr. Fisher during the regular discovery period. Plaintiffs therefore seek leave to record Dr. Fisher's deposition by video and to use that videotaped testimony at trial, with the right of defendants to cross-examine the doctor during the deposition.

Defendants Qureshi and Mount Sinai submitted an affirmation in opposition (filed February 9, 2026). Defendants acknowledge that Dr. Fisher is a non-party and out-of-state, but contend that plaintiffs' motion was made too late, after the note of issue, and that allowing the videotaped deposition would unfairly deprive defendants of a live confrontation. Defense counsel recalls that even during the COVID pandemic courts generally insisted on live expert testimony whenever feasible. Defendants argue that the requested relief is to substitute Dr. Fisher's live testimony with a prerecorded deposition, and that mere inconvenience, scheduling conflicts or travel expenses do not require such substitution. Defendants cite decisions emphasizing the trial court's discretion to control evidence and guard against prejudice (*Feldsberg v. Nitschke*, 49 NY2d 636 [1980]; *Goldblatt v. Avis Rent A Car Sys.*, 223 AD2d 670 [2d Dept 1996]). They distinguish the plaintiff's cited cases (including *Brandes v North Shore Univ. Hosp.*, 22 AD3d 779 [2d Dept 2005]) as fact-specific holdings that do not mandate relief, and warn that granting plaintiffs' request would transform every treating physician into a *de facto* out-of-state expert witness depositable at will.

Plaintiffs filed a reply affirmation on March 11, 2026. Plaintiffs reiterate that CPLR § 3117(a)(4) specifically authorizes use of a physician's deposition at trial without the unavailability requirement, and that courts have interpreted this provision broadly. Plaintiffs emphasize that defendants will have full opportunity to cross-examine Dr. Fisher during the deposition. Plaintiffs contend that logistical hurdles, such as travel distance or scheduling conflicts, cannot override their statutory right to preserve testimony; a party is entitled to depose its own expert or treating physician for use at trial without showing special circumstances or facing prejudice (*see Goldblatt*, 223 AD2d 670; *see also* CPLR § 3101[a][3]).

In summary, plaintiffs seek leave to videotape Dr. Fisher's deposition for trial. Defendants oppose on grounds of trial fairness, prejudice and the timeliness of the request. The issues are: (1) whether CPLR § 3117(a)(4) permits a party to use a treating physician's deposition at trial without showing unavailability or "special circumstances"; and (2) if so, whether trial fairness or prejudice warrant denying the motion or imposing conditions. The court now turns to a more searching examination of the parties' respective arguments and the governing legal principles.

## ARGUMENTS

Plaintiffs argue that the Legislature carved out doctors from the usual deposition-use restrictions. Under CPLR § 3117(a)(4), the deposition of any licensed physician "may be used by any party without the necessity of showing unavailability or special circumstances." Hence, according to plaintiffs, they have an unqualified statutory right to take and use Dr. Fisher's deposition at trial. Plaintiffs cite CPLR § 3113(b) and 22 NYCRR § 202.11 to show that video recording of depositions is expressly permitted. They emphasize case law holding that deposing one's own treating physician is not "discovery" barred by a note of issue (*Brandes*, 22 AD3d 779; *Jones v Gelbu Pemba Sherpa*, 5 AD3d 634 [2d Dept 2004]). For example, in *Brandes*, the

Appellate Division, Second Department, held that deposing a nonparty treating physician was not discovery and was properly allowed after the note of issue. Similarly, in *Jones*, the Appellate Division, Second Department, affirmed leave to videotape a plaintiff's treating doctor's deposition (in Pennsylvania) for use as plaintiff's evidence, observing that no special showing was required. Plaintiffs urge that denying the motion would unfairly force them to forgo the only feasible way to obtain Dr. Fisher's testimony. They note that defendants will suffer no prejudice because they may fully cross-examine Dr. Fisher at the deposition. In sum, plaintiffs contend that controlling law supports granting this discovery as of right, and that any inconvenience to defendants is insubstantial in light of the statutory rule and purpose of disclosure.

Defendants concede that Dr. Fisher's deposition could be used at trial under CPLR § 3117(a)(4) but insist that the statute is not self-executing. They argue that CPLR § 3117(a)(4) does not confer an automatic entitlement to videotaped testimony "in lieu of live testimony." Citing the Court of Appeals in *Feldsberg v. Nitschke*, 49 NY2d 636, 639-40 (1980), defendants emphasize that even admissible deposition evidence is subject to the trial court's broad discretion to manage the order of proof and ensure a fair trial. They highlight cases (*e.g. Thompson v. Mather*, 70 AD3d 1436 [3d Dept 2010] and *Roche v. Udell*, 155 Misc.2d 329 [Sup. Ct. Onondaga Co. 1992]) holding that trial fairness and prejudice must guide any decision to allow videotaped deposition testimony, especially of an expert or physician. Defendants note that other courts have permitted protective orders to prevent video depositions when a live witness remains available (*e.g. Miller v. Saha*, 151 AD3d 1316, 1318 [3d Dept 2017]).

Defendants also distinguish plaintiffs' cited cases. They point out that those cases merely held that deposing a treating physician is not considered "discovery" for purposes of the note-of-issue ban, but none held that videotape use is mandatory. For example, in *Jones, supra*, defendants contend that the court stressed only that the motion was not barred by CPLR § 3101(a)(3) or the note of issue – it did not hold that the deposition must be used. Defendants further argue that a treating physician's out-of-state practice alone is insufficient ground: the *Jones* court emphasized that the physician's location did not eliminate the court's discretion or grant an absolute right. Finally, defendants assert that permitting the videotaped deposition now (almost four years after the note of issue) would unfairly surprise them. They claim they have long prepared for the case expecting to call Dr. Fisher live; a last-minute Rule-in would force them to prepare defenses twice and deny the jury the benefit of live testimony and demeanor. In short, defendants urge that the court should refuse to override standard trial procedures simply to accommodate scheduling convenience.

## DISCUSSION

Under CPLR § 3117(a)(4), a medical practitioner's deposition may indeed be used by any party at trial without proof of the witness's unavailability or "other special circumstances." This statutory provision was adopted to facilitate access to treating physicians' testimony, and courts have consistently given it effect. For example, in *Goldblatt v. Avis Rent-A-Car*, 223 AD2d 670, 671 (2d Dept 1996), the Appellate Division, Second Department, explicitly recognized that parties "are clearly entitled to depose [a treating] physician … and would be authorized to use his deposition at trial" without demonstrating special circumstances. Likewise, in *Jones v. Sherpa*, 5 AD3d 634, 635 (2d Dept 2004), the court affirmed leave to videotape a plaintiff's treating

805208/2017   BAGDON, ZACHARY vs. QURESHI, M.D., SHEERAZ                           Page 3 of 6
Motion No. 006

3 of 6

[* 3]

physician (a Pennsylvania surgeon) and use that testimony at trial as evidence in chief. These decisions reflect that after 1984, CPLR § 3117 eliminated the prior bar (rooted in *Feldsberg v. Nitschke*, 49 NY2d 636 [1980]) requiring a showing of unavailability. In short, the law now permits either party to take a treating physician's deposition and use it at trial so long as the deposition is properly conducted. This dispensation is not limited by the fact that plaintiffs are the movants. Indeed, CPLR § 3117(a)(4) applies "to any party."

Consistent with this principle, the Appellate Division, Second Department, in *Brandes v. North Shore Univ. Hosp.*, 22 AD3d 779, 779 (2d Dept 2005) held that deposing a nonparty treating physician "was not in the nature of discovery," so the filing of a note of issue did not bar the application. The court explained that permitting the deposition did not circumvent the discovery rules because it was essentially evidence gathering, not preliminary discovery. Thus, depositions of treating physicians are not subject to the 22 NYCRR § 202.21(d) cutoff for discovery after a note of issue. Similarly, in *Jones*, the court noted only that the motion was not barred by the note of issue; it did not attach any conditions beyond normal deposition procedure (5 AD3d at 635). Accordingly, plaintiffs here may move for leave to depose Dr. Fisher despite the pretrial posture. The fact that Dr. Fisher practices in Pennsylvania is a consideration in favor of deposition (*Jones*), not a bar to it. Indeed, *Jones* expressly held that it was error to deny the motion on grounds the doctor was out-of-state.

Defendants correctly observe, however, that *Feldsberg* remains good law on the court's discretion over deposition use. *Feldsberg* dealt with a party's own deposition under CPLR § 3117(a)(2) and held that the statute did not eliminate the trial court's power to regulate evidence. Indeed, the Court of Appeals refused to read CPLR § 3117 as an "absolute and unqualified right to use the deposition at any time," emphasizing that the trial court "is not without power to ensure the orderly and fair administration of justice merely because a particular item of evidence is technically admissible" (49 NY2d at 643) It reaffirmed the long-standing principle that "the order of introducing evidence and the time when it may be introduced are matters generally resting in the sound discretion of the trial court" (*id*.). Thus, even though plaintiffs may use a physician's deposition at trial under CPLR § 3117(a)(4), the court retains discretion to impose reasonable limits or conditions to prevent abuse or prejudice.

Accepting *Feldsberg*, the court must next consider whether plaintiffs' specific request is a reasonable exercise of the statutory right or instead an untimely and unfair "last-minute" tactic. Courts have recognized that videotaping a deposition in lieu of live testimony is not without potential for abuse. For example, plaintiffs cite *Thomas v. American Multi-Cinema*, 80 Misc.3d 1216(A) [Sup. Ct. Bronx Co. 2023]) – a recent trial court opinion – as allowing such a deposition. But *Thomas* itself stressed that CPLR § 3117(a)(4) remains "subject to the court's authority to prevent abuse" (quoting CPLR § 3117[a][4]) and did not purport to create an unqualified right. And by its own terms *Thomas* is non-binding (Supreme Court, Bronx Co.). Likewise, *Shia v. McFarlane*, 46 AD3d 320 (1st Dept 2007), a case granting a continuance to allow a videotaped deposition of an out-of-state witness (though not a doctor), emphasized that both parties shared responsibility for any delay, the testimony was crucial, and the opposing party demonstrated no prejudice. In *Shia*, the Appellate Division, First Department, approved the use of the videotaped deposition where the court "granted a continuance so that [intervenor] could present the videotaped deposition testimony of an out-of-state nonparty witness," noting no undue prejudice to plaintiffs.

Here, by contrast, the scheduling delay is entirely of plaintiffs' own making. Plaintiffs never attempted to take Dr. Fisher's deposition before litigating the motion, and they do not show that any scheduling effort was frustrated by defendants.

Defendants fairly argue that having prepared for trial expecting Dr. Fisher's live testimony, they would be prejudiced by allowing plaintiffs to substitute a prerecorded deposition. The right of confrontation and live cross-examination is a fundamental part of a jury trial.

Courts have often remarked that witness demeanor and spontaneous cross-examination are important, especially for medical experts. In *Jones* the Appellate Division, Second Department, granted leave to depose the treating doctor but implicitly accepted that use of that deposition would require the doctor's availability to be challenged on cross, just as if he testified live. Here, permitting a videotaped deposition *per se* does not deny defendants any cross-examination — defendants will have a full opportunity to question Dr. Fisher at the deposition. Nevertheless, defendants make a valid point that plaintiffs' belated demand, on the eve of trial, raises fairness concerns.[1]

Balancing these considerations, the statutory right under CPLR § 3117(a)(4) must prevail. As noted, *Goldblatt* and *Jones* make clear that no "special circumstances" showing is required beyond those inherent in the statute. Plaintiffs' counsel represents that Dr. Fisher's office schedule makes live attendance in New York impracticable, and that travel would impose expense and delay. While a busy schedule is not *per se* a sufficient excuse, neither is it irrelevant. New York courts have recognized that routine inconvenience or expense does not by itself make a witness "unavailable," but here the Legislature has effectively abrogated the unavailability requirement for physicians. Thus, Dr. Fisher's out-of-state practice does not negate the statutory permission to take his deposition; in fact, *Jones* involved a physician just like Dr. Fisher. As such, the court cannot draw a bright line denying plaintiffs any accommodation.

Accordingly, the court grants plaintiffs leave to proceed. Plaintiffs may take the deposition of Dr. Rush Fisher by videotape, subject to the normal protections of CPLR § 3103. Defendants shall have full opportunity to cross-examine Dr. Fisher at the deposition. The deposition will be recorded in accordance with CPLR § 3113(b) (permitting videotaped depositions) and the Uniform Rules (22 NYCRR § 202.11), so that the resulting tape may be used at trial. Dr. Fisher shall appear for deposition at a date and time to be set by agreement (no later than June 12, 2026), and plaintiffs shall serve an appropriate letter rogatory or commission if required by Pennsylvania law. As in *Jones*, the deposition testimony will be admissible as evidence in chief for plaintiffs at trial. To the extent defendants seek to pursue a protective order or cost-shifting pursuant to CPLR § 3103, they remain free to do so on an expedited basis; however, no such relief has been demonstrated to be warranted at this juncture. Indeed, in light of the court's foregoing analysis—particularly as it relates to the materiality, relevance, and firm statutory grounding supporting the relief granted herein—any such application would, in all likelihood, be unavailing. The deposition shall proceed without further delay.

---

[1] The court notes that, in light of the trial now being scheduled for September 14, 2026, the relief sought can no longer be characterized, in practical terms, as an eve-of-trial request. Sufficient time remains before trial, which undercuts defendants' claims of prejudice.

805208/2017   BAGDON, ZACHARY vs. QURESHI, M.D., SHEERAZ          Page 5 of 6
Motion No. 006

5 of 6

For the foregoing reasons, the motion is granted. Plaintiffs are permitted to take the videotaped deposition of Dr. Rush Fisher for use at trial. The deposition shall be taken in accordance with CPLR § 3113(b) and recorded audiovisually; defendants may cross-examine Dr. Fisher during the deposition. At trial, plaintiffs may read the deposition testimony into the record as evidence in lieu of live testimony. This decision implements CPLR § 3117(a)(4)'s allowance of physician depositions while preserving the court's authority to ensure a fair trial. No other relief is granted or otherwise addressed by this order. Accordingly, it is

ORDERED that the motion by plaintiffs for leave to conduct a videotaped deposition of non-party treating physician Rush Fisher, M.D., for use at trial is granted to the extent set forth herein; and it is further

ORDERED that the videotaped deposition of Rush Fisher, M.D. shall be conducted on a date mutually agreed upon by counsel, but no later than Friday, June 12, 2026; and it is further

ORDERED that said deposition shall be conducted on notice, shall be videotaped and stenographically recorded, and all parties shall be afforded a full and fair opportunity to cross-examine the witness, and the deposition may thereafter be used at trial to the extent permitted by the CPLR and the rules of evidence; and it is further

ORDERED that the scope of the deposition shall include testimony regarding the witness's treatment of plaintiff and any opinions formed during the course of such treatment, and shall otherwise be governed by the provisions of the CPLR, including CPLR § 3101 and CPLR § 3117; and it is further

ORDERED that nothing herein shall be deemed to expand or alter the parties' disclosure obligations under CPLR § 3101(d), and defendants shall retain the right to raise appropriate evidentiary objections at trial regarding the admissibility or scope of any testimony offered; and it is further

ORDERED that the parties shall appear for trial, as previously scheduled, on Monday September 14, 2026, at 9:30 A.M., at the courthouse located at 60 Centre Street, New York, New York, in Room 252, at which time jury selection shall proceed unless otherwise directed by the court; and it is further

ORDERED that any relief not expressly granted herein is denied.

This constitutes the decision and order of the court.

| 03/17/2026 | | HASA A. KINGO, J.S.C. |
|---|---|---|
| **DATE** | | |

2026031735820HKINGO781X9XAA49F47C48DD9B183B346F67E

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |